The opinion of the Court was delivered by
Dana, C. J.
The question is, whether the father, as natural guardian of an infant, has authority to make a lease of the infant's land. Having conferred together, and examined the * authorities which have been cited at the bar, we are [ * 56 j unanimously of opinion that he has no such authority, and especially considering the provisions of our statute respecting *58 guardians, which require them to give bonds, &c. In the Court of Chancery, bond is required of a natural guardian, when a legacy given to his child is ordered to be paid over to him by the executors of the will. (1) Strickland vs. Hudson, Mason & Ux. In that case the lord chancellor said, “ The master of the rolls, who had had longer experience than himself, would never allow a child’s legacy to be paid to the father or mother, upon any security whatever, by reason of the strife and dispute it might occasion in the family.’'
The lease, in this case, being considered void, the judgment of the Court is, that the plaintiff recover her seisin and possession of the land demanded.(a)

 3 Rep. in Chancery.

 Vide Snook vs. Sutton, 5 Hals. 133.— Truss vs. Old, 6 Randolph, R. 556. — Ross vs. Gill & Ux. 1 Wash. 87 —Jackson vs. Combs, 7 Cowen, 36. — Vandoren vs. Everitt, 2 South. 460.
By the law of England, a guardian in saccage is considered not only as having an authority to lease the infant’s lands, but as having himself an interest therein; as quasi dominus pro tempore; so that he may make leases in his own name, which may be confirmed or avoided by the ward upon his coming of age. — Shopland vs. Ryoler, Cro. Jac. 55, 98. — Brisden vs. Hussey, 2 Roll. Abr. 41, c. 15. — Comyn. L. & T. 45, 2d Lond. ed.— Woodfall, by Harrison, p. 25. — And a testamentary guardian, or one appointed pursuant to the statute 12 Chas. 2, c. 24, has the same office and interest as guardian in saccage. — Bedell vs. Constable, Vaughn, 179. —Bac. Ab. Leases (1) 9.— Vide Duke of Beaufort vs Berty, 1 P. W. 702. — Roe, dem. Parry, vs. Hodgson, 2 Wils 129. — Although it is said that a lease by such guardian is void. — 2 Wils. 135. Evans, L. & T. 73. — But guardian by mixture can make no leases for years either in his own name or in the name of the infant; because he has merely the care of the person and education of the infant, and has nothing to do with the lands; and he may exist though the infant have no lands at all; but guardian in saccage cannot.