In the Matter of the ESTATE of FELICIDAD CARILLO DE CASTRO, Deceased, *v.* JOHN BARRY.

Under the two hundred and sixty-fourth section of the Act of May 1st, 1851, to regulate the Settlement of Estates, (Wood's Dig. 418) the Probate Court has jurisdiction to make partition of the real estate of the deceased among the *alienees* of the "heirs or devisees." The design of the statute is to place the owner of the real estate—whether he be owner by direct purchase from the heir or devisee, or by descent, devise or judicial sale—in the situation of the heir or devisee for the purpose of partition.

The wife dies leaving a husband and their two infant children, a boy and a girl. The boy dies unmarried : *Held*, that the father inherited one-third of the wife's separate estate ; but that the surviving sister, and not the father, inherits the deceased boy's share.

The descent in such case from the deceased child to the surviving child is governed by the seventh clause in our Statute of Descents and Distributions, (Wood's Dig. 423) and not by the second clause. The second clause lays down the general rule, while the seventh clause provides for the case where the intestate leaves several children and one of them dies unmarried.

Appeal from the Probate Court of Contra Costa.

Felicidad Carillo de Castro, the wife of Victor Castro, died on the thirteenth of July, 1856, intestate and the owner of a tract of land. Her husband and their two infant children, Victor and Jovita, survived her. The boy Victor died in July, 1857, being about three years old. Julio Carillo was appointed administrator of the estate of Felicidad. In December, 1857, all the right, title and interest of Victor Castro, the husband, in the estate of his wife was

levied on under execution against him, and sold by the Sheriff to one Watson, who subsequently conveyed the same to one Carpentier, and he, on the twentieth of January, 1859, conveyed to Barry & Farmer jointly, who are now the owners of whatever interest the husband had in the wife's estate on the tenth of August, 1857. Barry & Farmer now, July 15th, 1859, petition the Probate Court for a partition of the estate of Felicidad, alleging themselves to be owners of two-thirds thereof, and the infant Jovita, aged about six years, to be owner of. the other third.

After proper proceedings, the administrator and Jovita by her guardian *ad litem* being represented, the Probate Court held, that upon the death of Felicidad Carillo de Castro her separate estate descended in equal parts to her husband and the two children Victor and Jovita; and that Victor having died under age and unmarried, all the estate which came to him by inheritance from his mother descends to his sister Jovita to the exclusion of his father; and that Barry & Farmer are entitled to stand in the shoes of the husband.    Order for partition of the estate—one-third to be set off and allotted to Barry & Farmer.    They appeal.

*Wallace & Newell*, for Appellants.

1. The Probate Court has jurisdiction to partition the estate in this case.    (Wood's Dig. art. 2339, secs. 250, 263; art. 2344, sec. 264.)    Under these sections the peculiar condition of property, and not the person claiming it, gives jurisdiction.

2. Petitioners were entitled to more than one-third of the land. They acquired the estate of the minor child, Victor, which descended to the father.    (Statute of Descents and Distributions, Wood's Dig. 423, 2d clause of 2d subd.; 2 Cranch. 10; *Nash* v. *Cutter*, 16 Pick. 491.)

*W. W. Theobald*, for the Administrator.

At the death of Felicidad Carillo de Castro, she left three heirs of her said estate in land, viz: her surviving husband and two infant children.    In each of these heirs there vested, by our law of Descents and Distributions, (Act of April 13th, A. D. 1850, first clause) immediately upon her death, one-third interest in said

land.   But inasmuch as one of these infants, viz: Victor Castro, died shortly after his mother, and while still an infant, and never having been married, it follows, that by the seventh clause of the said act (which is evidently a substantive clause in the nature of a qualification or limitation to the six preceding clauses) the surviving infant heir, to wit: Jovita, became the heir of her deceased brother, and became entitled to the undivided two-thirds of said land.

*M. S. Chase,* for the infant Jovita.

1. The Probate Court had no jurisdiction.   (Probate Act, secs. 258, 264.)

2. If the Court had jurisdiction, then its decree was right.   There being two children living at the death of the intestate, only one-third of his estate descended to the surviving husband.   (Wood's Dig. 423, sec. 1, clause 1.)   And under the seventh clause of the same act, the share of the deceased child Victor went to the sister and not to the father.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The deceased was the owner of a tract of land in Sonoma county, which she inherited from her mother, and which was her separate estate.   The intestate died in July, 1856, being the wife of Victor Castro.   They had two children of the marriage—of tender years.   Victor, the youngest of these children, died about one year after his mother; the other child is still living.   About six months after the infant's death, the share in the real estate which would have been his was sold under execution against the father, (and also the father's claim, as heir of the wife) as property of the latter, and the petitioners claim the title through certain mesne conveyances.   The Court below ordered partition of the real estate, assigning the deceased infant's share to the surviving sister, and allotting only the share which the husband held as heir of the wife to the vendees of the husband's interest.   The petitioners appeal.

The first point which they make is, that the Probate Court had no jurisdiction—the petitioners not being heirs or devisees, and thus not entitled to sue in this form.   Sec. 264 of the Probate Act (Wood's

Estate of De ·Castro *v.* Barry.

Dig. 418) provides that " partition of the real estate may be made as provided in this chapter, although some of the original heirs or devisees may have conveyed their shares to other persons, and such shares shall be assigned to the person holding the same, in the same manner as they otherwise should have been to such heirs or devisees." It was evidently the design of this section to place the alienee of the interest upon the same footing as the original heir or devisee; and we can see no reason for confining the power to the first alienee, nor to an alienee receiving a conveyance immediately from the heir or devisee. The statute should receive a liberal construction in favor of the remedy; and to carry out the clear policy of the act; and if we were to give it the restricted meaning insisted on, great practical inconvenience would result. Parties holding by descent, judicial sales, or devise, would be excluded, and also those claiming through sales by vendees of the heir. The expenses would be greatly increased without corresponding benefit, and the distribution of estates be greatly retarded and embarrassed. We see no evils likely to result from giving the statute the broader construction, which places the real owner of the real estate in the situation of the heir or devisee, for the purpose of the partition of the property.

The main question arising upon the facts already recited is, as to the interest of the surviving husband in the estate. That he was entitled to one-third of the estate of the deceased wife is conceded, and so the Court below held. But the appellants contend he was entitled, as heir of the deceased child, to the share of that child; while it is contended on the part of the respondent, that this share falls to the surviving sister. This involves the construction of the Statute of Descents and Distributions, (Wood's Dig. 423) which is as follows:

" When any person, having title to any estate not otherwise limited by marriage contract, shall die intestate as to such estate, it shall descend and be distributed, subject to the payment of his or her debts, in the following manner: 1. If there be a surviving husband or wife, and only one child, or the lawful issue of one child, in equal shares to the surviving husband or wife, and child, or issue of such child. If there be a surviving husband or wife, and more

than one child living, or one child living, and the lawful issue of one or more deceased children, one-third to the surviving husband or wife, and the remainder in equal shares to his or her children, and to the lawful issue of any deceased child, by right of representation. If there be no child of the intestate living at his or her death, the remainder shall go to all of his or her lineal descendants ; and if all the said descendants are in the same degree of kindred to the intestate, they shall share equally, otherwise they shall take according to the right of representation. 2. If he or she shall leave no issue, the estate shall go in equal shares to the surviving husband or wife, and to the intestate's father. If he or she shall leave no issue, or husband or wife, the estate shall go to his or her father. 3. If there be no issue, nor husband, nor wife, nor father, then in equal shares to the brothers and sisters of the intestate, and to the children of any deceased brother or sister, by right of representation ; provided, that if he or she shall leave a mother also, she shall take an equal share with the brothers and sisters. 4. If the intestate shall leave no issue, nor husband, nor wife, nor father, and no brother or sister living at his or her death, the estate shall go to his or her mother, to the exclusion of the issue, if any, of deceased brothers or sisters. 5. If the intestate shall leave a surviving husband or wife, and no issue, and no father, mother, brother or sister, the whole estate shall go to the surviving husband or wife. 6. If the intestate shall leave no issue, nor husband, nor wife, and no father, mother, brother, nor sister, the estate shall go to the next of kin in equal degree ; excepting, that when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claimed through the nearest ancestors shall be preferred to those claiming through an ancestor more remote ; provided, however—7. If any person shall die, leaving several children, or leaving one child, and the issue of one or more other children, and any such surviving child shall die under age, and not having been married, all the estate that came to the deceased child by inheritance from such deceased parent, shall descend in equal shares to the other children of the same parent and to the issue of any such other children who shall have died, by right of representation. 8. If at the death of such child, who shall die under age,

Estate of De Castro *v.* Barry.

and not having been married, all the other children of his said parent shall also be dead, and any of them shall have left issue, the estate that came to such child by inheritance from his said parent shall descend to all the issue of other children of the same parent; and if all the said issue are in the same degree of kindred to said child, they shall share the said estate equally, otherwise they shall take according to the right of representation.    9. If the intestate shall leave no husband or wife, nor kindred, the estate shall escheat to the State for the support of Common Schools."

The respondent's counsel contends that this case falls within the seventh clause of the statute, and such is our opinion. The language of the clause is unequivocal. The act is carefully drawn, and, we must suppose, embodies the deliberate meaning of the Legislature. We must give effect to this meaning without interpolating any new terms or qualifications, unless this be necessary to reconcile conflicting and contradictory expressions. The clause in question provides for a specific and peculiar state of facts; therefore, there is no contradiction between it and the general provisions going before, for these last provide the usual rule, while the latter clause provides the unusual rule, or the rule governing the particular case recited. This is not a contradiction, but only an exception. It is as if the second clause read : " If the intestate shall leave no issue, or husband, or wife, the estate shall go to his or her father; *provided*, that if any person shall die leaving several children, and any one of them shall die unmarried, etc., the share of such decedent child coming from such deceased parent shall go to the surviving children of the same parent." The meaning being clear, probably it is not very important to inquire into the considerations which moved the Legislature to make a different disposition of the property characterized in the seventh clause, and property otherwise coming to the intestate child.    Possibly, the reason was that the Legislature considered the husband sufficiently provided for in being allowed an entire third part of the estate of the deceased wife, irrespective of the number of children over one; and that he should not have his portion increased by the circumstance of the death of one of the heirs. The act gave him a defined proportion of the whole estate left at the death of the spouse, leaving

the residue for the children ; and as this proportion was liberal, and was not diminished by the number of the children, it might well have been considered not unjust to him that that proportion should not be increased by the death of any one or more of them.   But upon whatever ground the policy of the act may be placed or defended, it is very clear to our minds that the Court below gave the true construction of the provision.

It is not necessary to notice other points.

Judgment affirmed.