ISABELLA L. GOODRICH *vs.* ALMA A. ADAMS.

Worcester.    Oct. 3, 1884. — Feb. 27, 1885.    C. ALLEN & COLBURN, JJ., absent.

While *cl.* 6 of the Rev. Sts. *c.* 61, § 1, was in force, a person died intestate, and seised of land, leaving a widow and six children, of whom three, A., B., and C., died during their minority, and without having been married. *Held*, that, on the death of B. and C., the widow was entitled to share equally with the surviving children in all that part of the estate of B. and C. which they did not derive directly from their father.

APPEAL from a decree of the Probate Court, granting a petition for partition of certain land in Milford. Hearing before *Colburn*, J., who reserved the case for the determination of the full court. The facts appear in the opinion.

*T. G. Kent*, for the appellant.
*L. Holbrook, Jr.*, for the appellee.

FIELD, J.   Moses Adams died in 1834, intestate, and seised in fee simple of the premises, leaving a widow and six children, of whom three died in 1837, during their minority and without having been married; namely, Sally A., on January 19, 1837; Emily, on January 20, 1837; and David S., on March 5, 1837.

By the St. of 1805, *c.* 90, § 1, in force when Moses Adams died, the estate descended in equal shares to his children, subject to the dower of the widow.   The widow died in 1883, before the filing of the petition, leaving by will her real estate to Alma A. Adams, one of the children, and the appellant. When the three children died, the Revised Statutes were in force.   The Rev. Sts. *c.* 61, and the St. of 1805, *c.* 90, as applicable to this case, prescribe the same rules of descent.   If the intestate leave no issue or father, the estate descends in equal shares to his mother and to his brothers and sisters, and to the children of any deceased brother or sister by right of representation.   If the intestate leave issue, the estate descends in equal shares to his children and to the issue of any deceased child by right of representation.

The Rev. Sts. *c.* 61, § 1, *cl.* 6, is as follows: "If any person shall die leaving several children, or leaving one child and the issue of one or more others, and any such surviving child shall die under age and not having been married, all the estate, that came to the deceased child by inheritance from such deceased parent, shall descend in equal shares to the other children of the same parent, and to the issue of any such other children, who shall have died, by right of representation."   See St. 1805, *c.* 90, § 1.   When, then, Sallie A. died, on January 19, 1837, her one sixth of the estate descended to her five remaining brothers and sisters, who each held one sixth of the estate by direct inheritance from their father, and one thirtieth by direct inheritance from their sister.   When Emily died, on January 20, 1837, the one sixth of the estate inherited from her father descended to her four remaining brothers and sisters, who would thus receive each one twenty-fourth part of the estate.   The question is whether the one thirtieth of the estate which Emily inherited from Sally would descend in the same way, or whether the mother would also be entitled to an equal share in it with the surviving children.   A similar question arises upon the descent

from David S. of his estate on his death. Is the share which one child receives by descent from another out of that part of the estate which did not descend directly to the other child from the father, but descended to that child from yet another child to whom it descended from the father, an " inheritance from such deceased parent," within the meaning of the Rev. Sts. *c.* 61, § 1, *cl.* 6? We think it is not. The sixth clause is an exception to the general rules of descent, and cannot be extended beyond its terms. The provisions of earlier statutes from which this clause was taken were considered in *Sheffield* v. *Lovering*, 12 Mass. 490, and *Nash* v. *Cutler*, 16 Pick. 491. The general purpose of the statutes undoubtedly was, as is said in *Nash* v. *Cutler*, that if the child died under age, and not having been married, the estate should descend in the same manner as if the child had died in the lifetime of the ancestor; but the statute failed to make provision for every possible case. It did not make the title of the child defeasible on his dying under age, and not having been married. It was the child's absolute property while he lived; it could undoubtedly be taken for such debts as an infant is bound to pay, or be used for his support.

On the death of Emily and David, there descended to the widow an equal share with that of each of the surviving children to all that part of the estate in the premises which Emily and David did not derive directly from their father. This share of the widow passed to Alma A. Adams by will, and is additional to her own inheritance. The decree ordering partition should express the shares of the parties, and should be modified to conform to this opinion, and the cause remitted to the Probate Court for further proceedings.                              *So ordered.*