Baker *et al. v.* Bourne *et al.*

Judgment affirmed.

**Filed March 17, 1891.**

No. 14,794.

BAKER ET AL. *v.* BOURNE ET AL.

DESCENT.—*Nephews and Nieces.—Take per Capita, and not per Stirpes.*—The nephews and nieces of an intestate, being next of kin, inherit directly from him, and not through their parents, and, all standing in the same degree of relationship, take in equal portions.

From the Decatur Circuit Court.

*B. W. Baker, J. K. Ewing, C. Ewing, M. D. Tackett* and *B. F. Bennett,* for appellants.

*J. D. Miller* and *F. E. Gavin,* for appellees.

COFFEY, J.—This was a suit for the partition of the land described in the complaint, instituted by the appellants against the appellees in the Decatur Circuit Court.

At the request of the parties the court made a special finding of the facts in the cause, and stated its conclusions of law thereon.

It appears from the special finding of facts that Benjamin F. Williams, who resided in Butler county, in the State of Ohio, died intestate on the 2d day of June, 1888, the owner in fee of the land described in the complaint in .this cause. The said Williams left neither a widow, child or children,

nor the descendants of a child or children, nor father or mother nor brother or sister, but left as his only heirs at law the following nephews and neices and grand-nephews, to wit: Marsh W. Baker, John W. Baker and Hannah Frazee, children of Sarah Baker, deceased, who was a sister of the said Benjamin F. Williams, and who departed this life prior to the death of the said Williams; and, also, Marsh Bourne, Ezra Bourne, David Bourne and Nancy Marshall, children of Mary Bourne, a sister who died prior to the death of the said Williams; also, Brazilla Inman, only child of Sarah Inman, a deceased daughter of the said Mary Bourne, and Carl E. Bourne and Earl Bourne, only children of Virgil Bourne, a deceased son of Mary Bourne, deceased.

Sarah Inman and Virgil Bourne both died prior to the decease of the said Benjamin F. Williams.

Upon these facts the court stated as a conclusion of law that the nephews and nieces of the said Benjamin F. Williams each took an equal share in the land described in the complaint.

The assignment of error calls in question the correctness of the conclusion of law stated by the circuit court.

This case is ruled by the conclusion reached in the case of *Cox* v. *Cox,* 44 Ind. 368, and the case of *Blake* v. *Blake,* 85 Ind. 65.

The nephews and nieces being the next of kin to Benjamin F. Williams, inherited directly from him, and not through their parents, and, all standing in the same degree of relationship, took in equal portions.

The court did not err in its conclusions of law.

Judgment affirmed.

MILLER, J., took no part in the decision of this cause.

Filed March 17, 1891.