[Filed April 11, 1892.]

## ADELIA STITT v. D. E. BUSH.

REAL PROPERTY — DESCENTS — HEIRS.—An intestate died seized of real property, and left surviving her her husband and four minor children. Of these children, two minor sons afterwards died childless and unmarried; *held*, that the real property inherited by them from their mother descended to their father, to the exclusion of the other children.

Washington county: FRANK J. TAYLOR, Judge.

Defendant appeals. Reversed.

*Geo. H. Williams*, for Appellant.

*Thos. H. Tongue*, for Respondent.

BEAN, J.—This is a suit for partition of real property. The facts are, that in May, 1879, Maria E. Bush, the wife of the appellant, died intestate, seized and possessed of the real property in controversy, leaving as survivors, her husband and four minor children. Two of these children, both males, subsequently died under age and unmarried. The question for decision is, whether upon the death of these two children, their interest in their mother's estate descended to the father, or to their brother and sister. The solution of this question depends upon the construction to be given to the statute of descent in force at the time of Mrs. Bush's death (Hill's Code, § 3098,) and its applicability to the case in hand. By subdivision 2 of this section, it is provided that if any person shall die seized of any real property, not having lawfully devised the same, if he leave no issue nor wife, such real property shall descend to his father. This provision precisely embraces the case of the two minor children of Mrs. Bush, and furnishes the rule governing the descent of their estate, unless it is qualified and controlled by subdivision 6 of the same section, which is as follows: "6. If the intestate shall leave one or more children, and the issue of one or more deceased children, and any of such surviving children shall die under age,

without having been married, all such real property that came to such deceased child by inheritance from such intestate shall descend in equal shares to the other children of such intestate, and to the issue of any other children of such intestate who shall have died, by right of representation; but if all the other children of such intestate shall be also dead, and any of them shall have left issue, such real property so inherited by such deceased child shall descend to all the issue of such other children of the intestate in equal shares, if they are in the same degree of kindred to such deceased child; otherwise they shall take by right of representation "

The contention for plaintiff is, that this subdivision qualifies and controls and, in effect, modifies the previous provisions of the section, so that if any person die intestate, seized of real estate, leaving two or more children, and any of such surviving children die under age and unmarried, all such real property that came to such. deceased child by inheritance from such intestate, shall descend in equal parts to the remaining children, the same as if such child had died in the lifetime of the intestate, and therefore, on the death of the two minor children of Mrs. Bush, their interest in their mother's estate descended to the remaining children, and not to the father, as would have been the case if subdivision 3 is to control. This contention is based upon the assumption that subdivision 6 provides for a case of a parent dying leaving several children; but by its language it only applies in cases where the intestate has left one or more children and also the issue of one or more deceased children. By the terms of this statute, to make it applicable, it is not enough that the intestate shall leave one or more children; but it is necessary that he shall leave one or more children and the issue of one or more deceased children; and these facts must exist in conjunction before this subdivision becomes applicable. This is the obvious import of the language of the statute, and it cannot be

made applicable to the case at bar without rejecting as surplusage all reference to the issue of deceased children, and this we cannot do.    We have been unable to find a similar statute in any of the other States, and we do not think any such exists.

The statute of descent in Massachusetts prior to 1876, and several of the other States, modeled after the English statute of distributions, 22 and 23 Car. II, c. 10, provide that if any person dies leaving several children, or leaving one or more children and the issue of one or more deceased children, and any of such children shall die under age and unmarried, all the estate that came to such deceased child by inheritance from such deceased parent, shall descend to the other children in equal parts, and to the issue of any such other children who have died, by right of representation.

Under these statutes it has been held that where a man dies leaving several children, and one of them dies under age and unmarried, the surviving children of the father will take the share of the deceased child to the exclusion of the other heirs.    (*Runey* v. *Edmands*, 15 Mass. 291; *Nash* v. *Cutler*, 16 Pick. 491; *De Castro* v. *Barry*, 18 Cal. 96; *Crowell* v. *Clough*, 23 N. H. 207; *Burke* v. *Burke*, 34 Mich. 451.)

But it will be observed that these statutes become applicable upon the happening of either of two conditions — first, when the intestate shall leave several children, and, second, when he shall leave one or more children and the issue of a deceased child or children.    The first of these conditions has been omitted from our statute, leaving only the second, and, therefore, the cases above cited have no application here.    Why a portion only of this statute should have been adopted by the legislature of this state, and what reason can be suggested why the statute should be made applicable to the case of a person dying leaving one or more children and the issue of a deceased child, and not to the case of a person dying leaving children only, is not apparent; but that such is the language of the

statute seems clear, and the courts cannot supply the omission. (*State* v. *Simon*, 20 Or. 365.)

The facts of this case not coming within the provisions of subdivision 6, we conclude that upon the death of the two minor children of Mrs. Bush, their interest in the property in controversy descended to their father, and not to their brother and sister, and the decree of the court below must be reversed.