Strafford, }
Dec., 1896. }

BREWSTER, *Ex'r, v.* MACK *& a.*

Though a bequest be to individuals by name, yet if it appears from the whole will that the testator considered them as a class and intended the whole should go to the survivors, that intention will prevail.

BILL IN EQUITY, for the construction of the will of John Mack. After making bequests of small value to his children, the testator provided as follows: "Fifth — I give, bequeath and devise unto my wife, Janet Mack, the use and income of all the rest and remainder of all property of which I may die possessed, for and during her natural life, the same to be in lieu of her claim to dower, homestead, and distributive share out of my estate, and from and after the decease of my said wife, I give, bequeath and devise all my said property of which I may die possessed, in five equal shares, unto my sons Albert F. Mack, George C. Mack, my daughter Ellen B. Hildreth, wife of William E. Hildreth of Grand Rapids, Michigan, my grandchildren Charles A. DeLoyd, John A. DeLoyd, George E. DeLoyd and Bessie M. DeLoyd, children of my daughter Elizabeth C. DeLoyd, hereinbefore mentioned, and my grandchildren Isabella A. Eddie and James N. Eddie, children of my deceased daughter Isabella Eddie, wife of William Eddie of North Adams, Mass., to them, their heirs and assigns forever.

"Said DeLoyd children, together, to take one share, or one-fifth of my said property, and said Eddie children, together, one fifth, but said DeLoyd and Eddie children are not to come into possession or have the use and enjoyment of their said shares until they become of the age of twenty-one years respectively, and the income of their respective shares shall, during their minority, be withheld and kept at interest until their arrival at the age of twenty-one years respectively, when the same with the principal shall be paid over to them as they become of the age of twenty-one years."

The will was proved in May, 1890. Janet Mack, the testator's widow, has recently deceased, having occupied the property during her lifetime, leaving it to be divided into five equal shares, the three children receiving one fifth each, the DeLoyd children one fifth, and the Eddie children one fifth. The Eddie children are both dead, having died under age, unmarried, and without issue, one before the testator's death and the other shortly afterward. William Eddie, their father, is still living. Two of the DeLoyd children are minors.

The questions submitted are: Who takes the one fifth share given to the Eddie children? Should the executor retain the share of the minor DeLoyd children until they become of age, or should it now be paid to their guardian?

There was no appearance for the defendants.

*Joshua G. Hall,* for the plaintiff.

PARSONS, J. If the will gave to the Eddie child who died before the testator one tenth of the estate to such child as an individual, then the legacy lapsed, there being no heirs in the descending line. P. S., c. 186, s. 12; *Goodwin* v. *Colby,* 64 N. H. 401. If, however, the gift to the Eddie grandchildren was to them as a class of one fifth of the estate, then only the survivors of the class take, and the Eddie child surviving the testator became entitled to the whole fifth share. *Campbell* v. *Clark,* 64 N. H. 328, 330; *Hall* v. *Smith,* 61 N. H. 144; *Swallow* v. *Swallow,* 166 Mass. 241. In the latter view, the whole estate is disposed of by the will; in the former, the testator died intestate as to one tenth of his estate. The question is, what did the testator intend? *Swallow* v. *Swallow, supra.* "Though the bequest be to individuals by name, yet if it appears upon the whole will that the testator considered them as constituting a class, and intended that the whole should go to the survivors, that intention will prevail." *Hall* v. *Smith, supra,* 146. The testator intended to dispose of his whole estate and expressly says: "Said DeLoyd children, together, to take one share, or one fifth of my said property, and said Eddie children, together, one fifth." He divides his whole estate into five equal shares, one of which he gives to each of his living children and one to the representatives of those deceased. The four DeLoyd grandchildren together receive no more than the two Eddie children. The number of equal shares in the estate is determined by the number of the testator's children, without reference to the number of grandchildren in each family. If there were no will, the surviving Eddie child would take as the mother's representative one fifth of the estate, subject to the widow's right. Except for the minor bequests of small value, the provision for the widow and for the

preservation of the interests of the grandchildren during their minority, the will does not disturb the equal division of the testator's property among his children and their representatives which the law would have made had there been no will. Hence a different division was not intended to be made. A construction of the will which would increase the remaining shares by the reduction of one, would defeat the testator's expressed intention by making unequal that which he said should be equal. We think it clear the testator intended the surviving children or child of his daughter Isabella should have one fifth of the estate,—that he considered her children together as a class. Hence the surviving child became entitled upon the death of the testator, as the only representative of the class, to the whole of the fifth share, which vested immediately upon the testator's death, despite the intervening life estate and the fact that the enjoyment of the legacy was withheld until the child should arrive at the age of twenty-one. *Benton* v. *Benton*, 66 N. H. 169; *Parker* v. *Leach*, 66 N. H. 416. This grandchild having died since the vesting of the legacy, the father, William Eddie, upon the facts stated is now entitled to the whole share. P. S., *c.* 196, *ss.* 1, 2; *Benton* v. *Benton*, *supra*; *Whitten* v. *Davis*, 18 N. H. 88, 90.

There is no occasion for the appointment of a trustee to care for the shares of such of the grandchildren as are not yet twenty-one. There is no reason why that duty may not properly be performed by the executor. *Barker* v. *Hayes*, 61 N. H. 643; *Bell* v. *Sawyer*, 59 N. H. 393; *Madigan* v. *Burns*, 58 N. H. 405; *Ham* v. *Ham*, 58 N. H. 70. That the executor should do so appears to have been intended and expected by the testator. Whether in the due administration of his trust the executor should join with the other legatees in a conveyance of a part of the estate; whether to carry out the purposes of the will the executor should now be licensed to sell the whole real estate; whether the real estate should be divided or sold, by proceedings in partition, or the interests of the minors preserved undivided or in severalty after partition, are questions upon which the facts before us are insufficiently stated to authorize any expression of opinion, and upon which the executor, as trustee, probably will not need instruction, while authority for such action as may be necessary can be obtained from the probate court. P. S., *c.* 194, *s.* 15; *c.* 198, *s.* 10.

*Case discharged.*

All concurred.