THEODOR STAUBITZ and Another v: GEORGE C. LAMBERT.[1]

December 23, 1897.

Nos. 10,866—(170).

**Estate of Decedents—Descent and Distribution—G. S. 1894, § 4471, subd. 6—Nephews and Nieces—Per Capita Not Per Stirpes.**
Under G. S. 1894, § 4471, subd. 6, if the intestate leaves no issue, husband or wife, father or mother, brother or sister, but all of his next of kin are nephews and nieces, they take his estate in equal shares, although they are the children of different deceased brothers and sisters.

The defendant, as administrator of the estate of Mary C. Breg, deceased, filed his final account as such administrator in the probate court for Ramsey county, and the account was settled and allowed by that court on March 30, 1896. On the same day a decree of distribution assigned the real and personal property of the intestate to her six nephews and nieces by name, one-sixth to each. From this final decree and order Theodor Staubitz and Maria Catherine Manckel, two of the heirs-at-law of the deceased, appealed to the district court for Ramsey county. The appeal was heard in the district court, and the court, Willis, J., made the findings of fact and conclusions of law stated in the opinion.

From a judgment entered pursuant to such findings and conclusions, affirming the order and allowing the account and the final

1 Reported in 73 N. W. 511.

decree of the probate court, the two heirs-at-law appealed. Affirmed.

*John F. Fitzpatrick* and *E. Schrader*, for appellants.

*Geo. C. Lambert*, in pro. per.

START, C. J.

Appeal from the judgment of the district court affirming the order of the probate court allowing the final account of the administrator and its decree of distribution in the matter of the estate of Mary C. Breg, deceased.

1. As to the order allowing the administrator's account, the record is anomalous. What purports to be the fourth finding of fact by the trial court is in these words:

"(4) That, as to the order allowing the administrator's final account, no notice of appeal was served or filed within the time prescribed by law, and said appeal was properly disallowed by the probate court on the grounds stated in the order disallowing the same."

But, by its conclusions of law, the court directed that the order allowing the account of the administrator be in all things affirmed, and that judgment be entered accordingly. It was so entered. The court could not dismiss the appeal from the order allowing the account and at the same time affirm the order, that is, determine the appeal on the merits. We are, then, to look to the judgment for the purpose of ascertaining what disposition was made of the appeal from the order allowing the account. It appears from the judgment that the order was affirmed on the merits.

There is no statement in the judgment that the appeal is or ought to be dismissed. The record, then, is conclusive that the appeal was not dismissed, but was heard and determined on the merits. There is no basis in the record for the appellants' first and third assignments of error, which are to the effect that the court erred in its finding and conclusion that no notice of appeal was served in time, and that the appeal should be dismissed. As to the second assignment of error, which is to the effect that the court erred in its conclusion that the order allowing the account should be affirmed, all that it is necessary to say is that there is no suggestion

in the brief of appellants' counsel why or wherein the judgment, so far as it affirms the order allowing the account, is erroneous. We will not look for reasons for reversing it.

2. The intestate left her surviving no issue, husband, father, mother, brother or sister. Her next of kin are six nephews and nieces, two of whom are the children of a deceased brother, and four are the children of another deceased brother. The probate court, by its decree, distributed the residue of her estate to the six in equal shares, and the district court, by the judgment appealed from, affirmed this decree. The appellants, the two children of the first brother referred to, claim one-half of the estate, upon the ground that they are entitled to the share their father would have taken had he survived the intestate.

The general rule as to the distribution of the estate of an intestate in this country is that next of kin standing in unequal degree to the testator take per stirpes, but, if they are all in equal degree, they take per capita. Hence, if the next of kin are a brother or a sister and the children of a deceased brother or sister, the children will take per stirpes; but if the intestate leaves, as his next of kin, only nephews and nieces, the children of different deceased brothers and sisters, they will take his estate in equal shares. The doctrine of representation is one of necessity, and is only resorted to when the next of kin are in unequal degree, to prevent the exclusion of those in the remoter degree. Reeve, Des. 125; 4 Kent, Comm. *391; 24 Am. & Eng. Enc. 390.

Our statute (G. S. 1894, § 4471) regulating the distribution of the estates of intestates is in harmony with the general rule as here stated; and, where the heirs or next of kin are in unequal degree, the right of representation is expressly given in every case, but, where all of the next of kin are in the same degree, it is not given. This statute, after giving the surviving husband or wife one-third part of the estate, declares that the residue of the estate of an intestate, or the whole thereof, if there be no such husband or wife, shall descend in the following manner:

(1) In equal shares to his children, and to the lawful issue of any deceased child, by right of representation.

(2) The whole thereof to the surviving husband or wife if there be no issue.

(3) To his father if there be no issue or surviving husband or wife.

(4) To his mother in such case, if there be no father.

"(5) If the intestate leaves no issue nor husband or wife, nor father or mother, his estate shall descend in equal shares to his brothers and sisters, and to the lawful issue of any deceased brother or sister, by right of representation.

"(6) If the intestate leaves no issue and no husband or wife, and no father, mother, brother or sister, his estate shall descend to his next of kin, in equal degree; excepting that when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor shall be preferred to those claiming through an ancestor more remote.

"(7) If any person dies leaving several children, or leaving one child and the issue of one or more other children any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such deceased parent shall descend in equal share to the other children of the same parent, and to the issue of any such other children who have died, by right of representation.

"(8) If at the death of such child who dies under age and not having been married, all the other children of his said parent are also dead, and any of them has left issue, the estate that came to said child by inheritance from his said parent shall descend to all the issue of other children of the same parent; and if all the said issue are in the same degree of kindred to said child, they shall have the said estate equally; otherwise, they shall take according to the right of representation."

The general policy that the next of kin in equal degree shall inherit in equal shares is plainly manifest in this statute, especially in subdivisions 6 and 8. The appellants claim that this case falls within subdivision 5 of the statute. Manifestly it does not, but the next of kin in this case, being all in equal degree to the intestate, take the residue of her estate in equal shares, under subdivision 6. Such is the obvious construction of the statute. No other is possible consistent with the language used and the general policy of the statute.

It is urged by appellants that this interpretation would, if followed, exclude the children of a deceased nephew or niece if there were a nephew or niece to take. If this were so (and such is the

construction given to a similar statute in the case of Conant v. Kent, 130 Mass. 178), still it would be no reason for disregarding the clear and express language of the statute. In the case of Snow v. Snow, 111 Mass. 389, a statute, practically identical with subdivision 6 of our own statute (G. S. 1860, c. 91, § 1, subd. 5) was· construed, and the court held that, where the next of kin of the intestate were son of a deceased sister, and the four children of another deceased sister, they took his estate per capita, and not per stirpes.

A like conclusion has been reached by the courts of other states. Thus, in Miller's Appeal, 40 Pa. St. 387, all of the next of kin of the intestate were the children of his three deceased brothers, one of them leaving one child, another four children, and the third nine; and it was held the nephews and nieces took the estate in equal shares. In Baker v. Bourne, 127 Ind. 466, 26 N. E. 1078, it was held that, where all of the next of kin were the nephews and nieces of the intestate, they took his estate in equal shares. See, also, Wagner v. Sharp, 33 N. J. Eq. 520, and cases collected in note, which are to the effect that, where all of the next of kin are children of deceased brothers and sisters, they take the intestate's estate per capita. It follows that the nephews and nieces of the intestate in this case were correctly adjudged to be entitled to share her estate in equal shares.

Judgment affirmed.

CANTY, J.

I concur in the result arrived at in the first division of the foregoing opinion, for the following reasons: The probate court heard the petition for allowing the final account, and filed an order allowing the same. It affirmatively appears by the return from the probate court to the district court that the notice of appeal from this order was duly served in proper time. In the same return appears an order of the probate judge reciting that the appellants appeared in that court on the hearing of the petition for the allowance of the final account, and "made no objection to the allowance thereof, but approved of the same, and consented that an order might be made allowing the same," and that, therefore, they are not aggrieved, and

their appeal "is hereby disallowed." A trial was had in the district court on this appeal on the merits.

A motion was made to dismiss the appeal, on the ground "that no notice of appeal was served on the administrator." The motion .was denied. The settled case states that it contains all the evidence received and all the proceedings had on that trial. Then the record sufficiently discloses jurisdiction in the district court, and that court, and not the probate judge, had jurisdiction to determine whether or not the appellants were aggrieved or were in a position to maintain their appeal. If the district court erred in making the fourth finding of fact and the conclusion of law that the appeal should be dismissed, it was error without prejudice, because the court ordered judgment of affirmance on the merits, and judgment was entered accordingly, which ignored said fourth finding, and, in effect, set aside the conclusion of law that the appeal should be dismissed.

I concur in the result arrived at in the second division of the opinion, and in the interpretation given therein to the sixth subdivision of said section 4471, but not in all that is said as to the interpretation of the rest of that section.