ESTATE OF SPOONER.

*April 7—July 3, 1920.*

*Descent and distribution: Ancestral estate of unmarried minor child: Property derived from grandparent: Descent: Statutes: Construction.*

1. Sub. (5), sec. 2270, Stats., providing that, on the death of a minor unmarried, property descending to him from a deceased parent will go to the other children of the same parent, and not to a parent as provided by sub. (2), sec. 2270, is in the

nature of an exception to the general purpose of the statutes of descent, which is that intestate estate shall, where no other provision is made, descend to the next of kin of the deceased irrespective of whether or not it is ancestral estate.

2. Sec. 4971, Stats., requiring that in the construction of statutes all words and phrases shall be construed and understood according to the common and approved usage of the language, does not prevent the court from enlarging or restricting the meaning of a particular word or words where that becomes necessary in order to give effect to a plainly declared legislative purpose.

3. It is not the office of a court to extend a statute by construction where there is no express legislative intention to guide it.

4. The words "parent" and "child" in sub. (5), sec. 2270, providing that on the death of a minor unmarried child his property should pass to the children of the parent from whom the child inherited or received it by testamentary gift, should not be construed to include grandparents or grandchildren, even though it results in devolving the estate on a stranger to the blood of the person from whom the estate descended.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

Heirship. Warren Gilbert, a resident of Columbia county, Wisconsin, died intestate August 28, 1914. He left surviving him as his only heirs at law the following: Three sons: A. C. Gilbert, Chas. L. Gilbert, and E. A. Gilbert; Florence L. Gilbert and Leila Dalton, daughters of a deceased son, James W. Gilbert; R. H. Gilbert, U. S. G. Gilbert, Chester Arthur Gilbert, Albert Gilbert, grandsons, children of a deceased son, George H. Gilbert. George H. Gilbert also had a daughter, Cora, who was married to one Spooner. Said daughter Cora predeceased Warren Gilbert and left surviving one daughter, Sara Spooner, a great-granddaughter. George H. Gilbert also had a daughter, Mary, who married one Spooner. She also predeceased Warren Gilbert, leaving three children: *Leah,* Frank Elliott, and *Edwin.* Frank Elliott Spooner was, therefore one of the heirs of the estate of said Warren Gilbert. He died October 16, 1917, and was at the time of his death entitled

to receive a one-ninetieth part of the estate of Warren Gilbert.   Said Frank Elliott Spooner at the time of his death was a resident of the city of Columbus, in the state of North Dakota, was a minor, unmarried, and childless.   Said Frank Elliott Spooner left surviving him his father, *George C. Spooner,* also a resident of the city of Columbus, North Dakota.   His mother, as has been stated, was dead, and he left a sister, *Leah,* and a brother, *Edwin,* both of whom are minors.

The trial court held that the brother and sister of Elliott Spooner took that part of the estate of Warren Gilbert which otherwise would have belonged to Frank Elliott Spooner.   Judgment went accordingly, from which the administrator of the estate of Frank Elliott Spooner appeals.

For the appellants there were briefs by *David Bogue* of Portage, attorney for *Thomas H. Sanderson,* administrator, and by *James J. McDonald* of Portage and *F. E. Heckel* of Bowbells, North Dakota, attorneys for *George C. Spooner;* and the cause was argued orally by *Mr. Bogue* and *Mr. McDonald.*

*Harlan B. Rogers* of Portage, guardian *ad litem* for *Leah Spooner* and *Edwin Spooner,* minors.

The following opinion was filed May 4, 1920:

ROSENBERRY, J.   The determination of the question involved requires a construction of sub. (2) and (5), sec. 2270, Stats.

Sec. 2270.   "When any person shall die seized of any lands, tenements or hereditaments or any right thereto or entitled to any interest therein, in fee simple or for the life of another, not having lawfully devised the same, they shall descend, subject to his debts, except as provided in the next section, in the manner following: . . . .

"(2)   If he shall leave no lawful issue, to his widow; if he shall leave no such issue or widow, to his parents, if liv-

ing, and if either shall not be living, the survivor shall inherit his said estate. . . ."

"(5) If any person shall die leaving several children or leaving one child and the issue of one or more other children, and any such surviving child shall die under age, not having been married, all the estate that came to the deceased child by inheritance or by testamentary gift from such deceased parent and all personal property which belongs to such deceased child by reason of distribution under subdivision 6 of section 3935 shall descend and be distributed in equal shares to the other children of the same parent and to the issue of any such other children who shall have died, by right of representation."

The trial court was of the opinion that the words *child* and *children* in sub. (5) should be construed to include *grandchild* and *grandchildren,* and the word *parent* to include *grandparent* and *great-grandparent,* in order to effect the purpose of the statute, which is to devolve the estate of the minor child upon its next of kin of the same blood as the parent from whom the estate came, and that therefore the brother and sister of Frank Elliott Spooner inherited, not from him, but from the ancestor (*Perkins v. Simonds,* 28 Wis. 90) ; and that the appointment of an administrator of the estate of Frank Elliott Spooner was proper only as to that part of his estate which had been assigned to him prior to his death.

On behalf of the administrator of the estate of Frank Elliott Spooner it is contended that sub. (5) is in the nature of an exception to sub. (2) ; that sub. (5) should not, therefore, be extended by construction; that the mother of Frank Elliott Spooner having predeceased him, he did not inherit the estate from the mother, but inherited it from Warren Gilbert, the great-grandfather, through his mother; that an inheritance by and through a parent is not an inheritance from a parent; that sub. (5) does not apply to the facts in this case, and the property should descend in accord-

ance with sub. (2), and therefore belongs to the father of Frank Elliott Spooner.

In *Perkins v. Simonds,* 28 Wis. 90, and *Wiesner v. Zaun,* 39 Wis. 188, this court had under consideration the question whether, where a minor child dies unmarried without issue, having an interest in land which descended to him from a parent, the brother and sisters of the deceased child take by inheritance from the deceased child or from the parent from whom the estate was derived.

In *Sheffield v. Lovering,* 12 Mass. 490, and *Nash v. Cutler,* 16 Pick. 491, the supreme court of the state of Massachusetts, from which this provision of our statutes was copied, had construed the statute, and this court felt bound by the construction placed upon the statute by the court of Massachusetts prior to its adoption here. Following the decisions referred to, this court held that the brothers and sisters of a deceased child take from the parent and not from the deceased child, and further held that it was the purpose of this provision to devolve the estate of a deceased minor, unmarried and without issue, in the manner that it would have descended if the child had died in the lifetime of the parent from whom the estate was derived.

This is in the nature of an exception to the general purpose of our statutes of descent, which is that intestate estate shall, where no other provision is made, descend to the next of kin of the deceased, irrespective of whether or not it is ancestral estate. *Estate of Kirkendall,* 43 Wis. 167.

It is to be noted that in the Massachusetts cases, as in *Perkins v. Simonds* and *Wiesner v. Zaun,* the court was dealing with a situation to which the statute was by its terms applicable. The question of the applicability of the statute was not before the court in any of the cases referred to, but rather its effect in a case where there was no doubt as to its applicability.

Sub. (2), sec. 2270, states the general rule as to the

descent of property where the intestate dies without issue. Sub. (5) is in the nature of an exception to the provisions of sub. (2), and provides a different rule which applies under the circumstances therein set out. *Goodrich v. Adams,* 138 Mass. 552 (1884).

The purpose of sub. (5) is an inference drawn from the effect of its operation where applicable, and not one expressly declared. We are urged further to extend the statute by construction so that it will apply not only to cases of descent from parent to child, but to descents from more remote ancestors to issue more remote than a child, for it is plain that Warren Gilbert does not answer the calls of either of the provisions of sub. (5). *Stitt v. Bush,* 22 Oreg. 239, 29 Pac. 737.

Sub. (1), sec. 4971, Stats., requires that "All words and phrases shall be construed and understood according to the common and approved usage of the language." This does not prevent the court from enlarging or restricting the meaning of a particular word or words where that becomes necessary in order to give effect to a plainly declared legislative purpose. It is not the office of a court to extend a statute by construction where there is no express legislative intention to guide it. *Gardner v. Collins,* 2 Pet. 58. Were we to adopt the construction urged upon us by the respondent, it would result not only in enlarging the meaning of the words of the statute, but would enlarge its scope so as to include within it cases not within its terms, and this contrary to the general purpose of our statutes of descent as stated in *Estate of Kirkendall, supra.*

The language of the statute is, "All the estate that came to the deceased child by inheritance or by testamentary gift from such deceased parent." The language is plain and unambiguous. The difficulties which might and very likely would present themselves in many cases, if the word *parent* were construed to mean *grandparent* or *great-grandparent,*

undoubtedly caused the legislature to refrain from the use of the word *ancestor* instead of the word *parent,* as is the case in some earlier statutes. The descent of many estates might be involved in almost inextricable difficulties. If words are to be understood and construed in accordance with their common and approved usage, descent from a parent to a child cannot be construed to mean a descent from a remote ancestor through the parent and not from the parent. *Gardner v. Collins,* 2 Pet. 58.

We are not disposed to extend the statute by construction, even though, as we construe it, it results in devolving an estate upon a stranger to the blood of the person from whom the estate descended, and must hold that the statute is applicable only in cases which are within the language of the statute by its terms. This accords with the principle by which the statutes of descent have been construed by this court (*Estate of Kirkendall,* 43 Wis. 167), and is in accord with the great weight of authority in other jurisdictions. *Goodrich v. Adams,* 138 Mass. 552; *Clark v. Shailer,* 46 Conn. 119; *Gardner v. Collins,* 2 Pet. 58; *Sedgwick v. Minot,* 6 Allen (Mass.) 171; *Duncan v. Lifferty's Adm'r,* 6 J. J. Marsh. (Ky.) 47; *Turner v. Patterson,* 5 Dana (Ky.) 292; *Brewster v. Mack,* 69 N. H. 52, 44 Atl. 811.

Sub. (5) not being applicable, the interest of Frank Elliott Spooner in the estate of his grandfather descends as intestate property from him, and an administrator of his estate was therefore properly appointed.

The conclusion at which we have arrived renders a discussion of other questions raised unnecessary.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.

A motion for a rehearing was denied, without costs, on July 3, 1920.