SCHNEIDER and others, Respondents, vs. PAYNE and others, Appellants.

*May 13—June 12, 1931.*

For the appellants there was a brief by *Masters & Hansen* of Sparta, attorneys, and *H. M. Perry* of Black River Falls of counsel, and oral argument by *L. A. Hansen.*

For the respondents there was a brief by *Baldwin & Bosshard* of La Crosse 'and *George M. Sheldon* of Tomahawk, and oral argument by *C. L. Baldwin.*

Separate briefs were also filed by the *Attorney General, F. C. Seibold,* assistant attorney general, and *George D. Spohn,* inheritance tax counsel, and by *C. W. Graves* of Viroqua, as *amici curiæ.*

WICKHEM, J. It is the contention of the appellants that under sec. 237.01 of the Wisconsin Statutes the parties take *per stirpes* as follows: the five parties plaintiff dividing the one-third share of the parent whom they represent; the defendant Addie E. Smith, the one-third share of the parent she represents; the defendants Jessie L. Burke and Grace L. Payne, the one-third share of the parent they represent.

Sub. (3) and (4) of sec. 237.01 of the Statutes of 1929 read as follows:

"(3) If he shall leave no lawful issue nor widow nor father nor mother his estate shall descend in equal shares to his brothers and sisters and to the lineal descendants of any deceased brother or sister by right of representation.

"(4) If the intestate shall leave no lawful issue, widow, father, mother, brother nor sister his estate shall descend to his next of kin in equal degree, except that when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor shall be preferred to those claiming through an ancestor more remote; . . ."

It is the contention of the appellants that sec. 237.01 evidences the legislative intent to frame a complete written scheme of descent; that this scheme was to provide first for the nearest of kin, and then, down the scale according to the degree of kinship. The appellants further contend that the order selected was: first, children and issue of deceased children; second, the widow or husband, and parents; third, brothers and sisters and their lineal descendants who are to take by right of representation; fourth, collateral kindred of more remote degree.

As applied to the facts presented in this action, it is the contention of the appellants that the words in sub. (3) "and to the lineal descendants of any deceased brother or sister by right of representation" indicate that three situations are intended to be covered by sub. (3): one, where brothers or sisters survive; two, where brothers or sisters and the issue

of deceased brothers or sisters survive; and three, where only the issue of deceased brothers or sisters survive. It is the contention that this language is clear and unambiguous, and specifically includes a situation where there are no survivors except the lineal descendants of brothers or sisters, and that it is the intent that they shall take by right of representation. It is the further contention that sub. (4) was intended to designate the share of persons not named in any of the preceding sections, and that since it is clear that sub. (3) does refer to and include lineal descendants of brothers or sisters, such lineal descendants of brothers or sisters are to be excluded from the operation of sub. (4), and especially from the operation of the phrase "next of kin" contained in sub. (4). It is further contended that there is nothing in sub. (4) to indicate that "next of kin" are intended to take in equal shares; that the only reference to equality in this section is a reference to equality in degree of relationship.

We have concluded that the contentions of appellants are not sound. We think the proper construction to be given to this section is that adopted in *Douglas v. Cameron,* 47 Neb. 358, 66 N. W. 430, in which the court said, in commenting upon a substantially similar statute:

"These three clauses, therefore, form a scheme of inheritance among collaterals, embracing incidentally the case of the mother. They pursue an exclusive process, and must be read, in order to give the whole effect, as if, in addition to stating what kindred do not survive, they also stated that there were surviving those next in degree not named in the exclusive clauses."

Applied to the present section, it is our opinion that each subsection of sec. 237.01 refers to a particular fact situation. Sub. (1) supposes the survival of issue of the decedent or of his children; sub. (2) supposes the survival of a widow but no issue, also the survival of parents but no issue or widow; sub. (3) supposes that the decedent has left sur-

viving neither issue, nor widow, nor father, nor mother, but that he has left surviving at least a brother or sister; it also supposes that he may, in addition to these, have left surviving the lineal descendants of deceased brothers or sisters; sub. (4) deals with a situation where the decedent shall not have left issue, widow, father, mother, brother, or sister. We think it plain that the present situation is governed by sub. (4), and that sub. (3) applies only in the event decedent leaves surviving him a brother or sister. If he does leave such brother or sister and the lineal descendants of a deceased brother or sister, such lineal descendants take by right of representation. If he leaves no brother or sister surviving, and also leaves neither issue, widow, father, nor mother, then sub. (4) operates and the estate of decedent descends to his next of kin, who in this case are his nieces and nephews. While there is no specific reference to their taking in equal shares, we think it is clear from the authorities and on principle that they do so take.

In *Brown v. Baraboo,* 90 Wis. 151, 62 N. W. 921, the court quoted with approval the following rule from Reeve, Descent, 105:

"It is a general rule that those who take property as a class of persons described, where there is nothing in the law making the appropriation to distinguish their respective rights, take in equal shares."

It is the contention of the appellants that by the common law, collaterals of equal degree take equally, but their lineal descendants take by representation the share of their ancestor. It is the further contention of the appellants that it is clear from the section under examination, and particularly sub. (3), that it was the intention of the legislature to adopt the common-law rule. To this we cannot agree. As is stated in *Breg's Estate (Staubitz v. Lambert)* 71 Minn. 11, 73 N. W. 511:

"The general rule as to the distribution of the estate of an intestate in this country is that next of kin standing in

unequal degree to the testator take *per stirpes,* but, if they are all in equal degree, they take *per capita.* . . . The doctrine of representation is one of necessity, and is only resorted to when the next of kin are in unequal degree to prevent the exclusion of those in the remoter degree."

In 2 Tiffany, Real Property (2d ed.) p. 1899, it is said:

"In this country, since the statutes expressly give the right of inheritance to the direct descendants of the intestate, and declare whether they are to take *per stirpes* or *per capita,* the application of the doctrine of representation is not usually called for in their favor. As regards collateral kindred, there is in some states a general provision that the descendants of any person deceased shall inherit the estate which such person would have inherited had he survived the intestate, but more usually the right of representation is in terms restricted to descendants of a deceased brother or sister. Thus, if the intestate left surviving a brother and the children of a deceased sister, though such children could not otherwise assert any right to share the intestate's property with the surviving brother, since he stands in a closer degree of relationship to the intestate, they can do so by reason of their right of representation of the intestate. In either case, descendants of a deceased brother or sister of the intestate stand in the place of such brother or sister as regards the right to share with any surviving brothers and sisters of the intestate or descendants of other deceased brothers and sisters. . . . The doctrine of representation, as applied when there are claimants in different degrees of relationship to the intestate, serves, so far as it may be available under the statute, to prevent the exclusion of the claimants of the more remote degree from all share in the intestate's property. When all the claimants are in the same degree, they are all equally the intestate's next of kin, and consequently they may all share in the intestate's property without reference to the doctrine of representation."

In the revisor's notes to the Statutes of 1898, in connection with the phrase in the statutes, "to his next of kin in

equal degree," there is the following quotation from 2 Kent Comm. 531:

"It is the doctrine under the statute of distributions that the claimants take *per stirpes* only when they stand in unequal degrees, or claim by representation, and then the doctrine of representation is necessary. But when they all stand in equal degree, as three brothers, three grandchildren, three nephews, etc., they take *per capita,* or each an equal share; because in this case, representation, or taking *per stirpes,* is not necessary to prevent the exclusion of those in a remoter degree; and it would be contrary to the spirit and policy of the statute, which aims at a just and equitable distribution."

The cases construing either identical or substantially similar statutes are overwhelmingly to the point that they are to be construed in the manner indicated by the text above cited. *Breg's Estate (Staubitz v. Lambert)* 71 Minn. 11, 73 N. W. 511; *Fretheim's Estate,* 156 Minn. 366, 194 N. W. 766; *Nigro's Estate,* 172 Cal. 474, 156 Pac. 1019; *Swenson v. Lewison,* 135 Minn. 145, 160 N. W. 253; *Douglas v. Cameron, supra; Van Cleve v. Van Fossen,* 73 Mich. 342, 41 N. W. 258; *Conant v. Kent,* 130 Mass. 178; *Appeal of Hall,* 117 Me. 100, 102 Atl. 977.

It is true that in construing statutes we are not, generally speaking, bound by the decisions of other jurisdictions, and such decisions are frequently not even strongly persuasive unless the statute is practically identical. However, the statutes construed in the above cases are in some cases identical and in all cases nearly identical with the portions of sec. 237.01 under examination here, and the construction so unanimously given them is entitled to great weight and special significance attaches to the construction of substantially similar provisions in Massachusetts, from which sec. 237.01 was borrowed. See *Perkins v. Simonds,* 28 Wis. 90; *Wiesner v. Zaun,* 39 Wis. 188.

The appellants contend that the amendment to sub. (3) of sec. 237.01 by ch. 106, Laws of 1925, was intended to enlarge the scope of sub. (3). Prior to 1925 this subsection read:

"If he shall leave no lawful issue nor widow nor father nor mother his estate shall descend in equal shares to his brothers and sisters and to the *children* of any deceased brother or sister by right of representation."

By ch. 106, Laws of 1925, the word "children" was stricken out and the words "lineal descendants" substituted. We think it is clear that this amendment was merely intended to extend to the more remote lineal descendants of brothers and sisters, in the event of the survival of a brother or sister, the same right by representation as under the section prior to the amendment had been given to the children of brothers and sisters. The amendment may have been in response to the decision in *Estate of Spooner,* 172 Wis. 174, 177 N. W. 598, in which the term "children" in sub. (5) of sec. 237.01 was held not to include grandchildren. At all events we are satisfied that there was no intention to change or modify by this amendment the contingency upon which the descendants of brothers and sisters were to take by representation.

It is our conclusion, from the words of the statutes, from the fact that such statutes had their source in Massachusetts, from the view of the Massachusetts court as to their meaning, and from the construction generally put upon such statutes by the authorities, that the conclusions of the learned trial judge were correct; that the nieces and nephews standing in equal relationship to the decedent and constituting her next of kin, in default of the survival of lawful issue, widow, father, mother, brother, or sister, take *per capita* under the provisions of sub. (4), and not by right of representation under the provisions of sub. (3).

*By the Court.*—Judgment affirmed.