*Alvey, J.,
delivered the opinion of the court.
The deceased, the distribution of whose estate is the subject *129 of controversy in this case, died in the City of Baltimore, in the year 1866,, intestate, without wife, and leaving no child or descendant, father or mother, brother or sister surviving him ; but leaving several nephews and nieces, the children of deceased brothers and sisters, and also several grand-neph'ews and grand-nieces, whose parents had died in the lifetime of the intestate.
After administration had, and the personal estate of the deceased was ready for distribution among those entitled, questions arose, in the Orphans’ Court of Baltimore City, as to whom, and in what manner, such distribution should be made.
The Orphans’ Court, upon hearing the respective parties in support of their claims, ordered that the estate be distributed to the nephews and nieces of the intestate, excluding the grandnephews and grand-nieces ; and that such distribution be made amongst the parties per capita, and not’ per stirpes. And from this order, some of the nephews and nieces, feeling themselves aggrieved by this mode of distribution, have taken this appeal. And the record presents two questions to be deter.mined by this court :
1st. Whether the grand-nephews and grand-nieces are entitled to share in the distribution ; and if not,
2nd. Whether the distribution among the nephews and nieces should be per capita or per stirpes.
These questions depend for their correct determination upon the construction of those sections of the 93d Article of the Code of Public General Laws, that relate to, and direct the manner of distribution of an intestate’s personal estate among his collateral relations.
And first, as to the right of the grand-nephews and grandnieces to share in the distribution. The only provision in the Article of the Code just referred to, upon which their claim could be founded, is in sec. 131, which declares *that “ after children, descendants, father, mother, brothers and sisters of the deceased, and their descendants, all collateral relations in equal degree shall take, and no representation amongst such collaterals shall be allowed.” And to allow them to share in the distribution when there are those, as in this case, of a nearer degree of relationship to the intestate, it must be supposed that they ’ are embraced by the word “ descendants “ *130 used in this section in relation to brothers and sisters, and that they are in the category of those who take by representation the portion that their deceased parents would have been entitled to if living. And this supposition is certainly plausible, and derives considerable support from the ordinary meaning of the word “ descendants,” and the strong implication from the classification made by this section, of those who can take by representation, and those who can only take per capita. But such is not the judicial construction heretofore adopted of this provision of the statute. The word “ descendants,” as connected with brothers and sisters of the intestate, in this section, has been construed to mean children of such brothers and sisters. And by thus restricting the word “ descendants,” and taking it as synonymous with children of brothers and sisters, secs. 129 and J31, are made to harmonize ; and, with such construction, no representation is admitted among col-laterals after brothers and sisters’ children. Such we understand to be expressly decided by Robins v. State, 1 H. & G. 476, note; and Duvall v. Harwood, 1 H. & G. 474. it necessarily follows, therefore, that these grand-nephews and grandnieces are not entitled to share in the distribution, and that the Orphans’ Court was right in excluding them.
Next, as to the mode of distribution. This is a part of the case that has been most extensively argued, and about which it was supposed there exists the greatest difficulty. And certainly, great diligence has been displayed by the respective counsel, in bringing to the view of the court all the authorities supposed to bear upon the question, and they were ex*pounded and applied with rare skill and ability. But we think, in deciding this question, but little aid can be derived from adjudged cases on questions of distribution, arising elsewhere than in our own courts. The English statute of distribution of 22 and 23 Car. .11. ch. xo, upon the construction of which most of the cases cited have occurred, is not in force here, and by the Act of 1798, ch. 101, since incorporated into our Code, the Legislature of this State adopted rules and principles of distribution materially variant from those of the British statute. Hence, the adjudication as to the construction of the latter statute, can have but slight application to the question under consideration.
*131 The sections in Art. 93, Code of Pub. Gen. Laws, upon which this question depends, aré 128 and 129. By the first of these sections, it is declared that “ if there be a brother or sister, or child or descendant of a brother or sister, and no child, descendant, or father of the intestate, the said brother, sister, or child or descendant of a brother or sister, shall have the whole.” And, by the latter section, it is declared that “ every brother and sister of the intestate shall be entitled to an equal share, and the child or children of á brother or sister of the intestate, shall stand in the place of such brother or sister.”
It is contended on the part of the appellees, that as the distributees here are all in equal degree of relationship to the intestate, they do not stand in the place of their parents, and take by representation, but that they each take in his or her own right, an equal portion of the estate. Such is, unquestionably, the rule established by many decided cases upon the English statute of distribution, and such would be the rule here, if our statute contained the same provisions upon this subject as that of Car. II. But, as we have before said, the statutes are different, and hence the English decisions do not apply. Under the English statute, these distributees would take as next of kin simply, and by virtue of their own proper degree of relationship to the intestate, and not as representatives of *their deceased parents, and, of necessity, would take per capita. There it would only be necessary to ascertain who are the persons standing in the nearest degree of kin to the intestate, to determine who are entitled ; and those “ who are in equal degree ” take equally ; representation being allowed only in cases where it is necessary to avoid excluding those in a remoter degree. And this rule applies, under that statute, to both the lineal and collateral lines. As, for instance, where the intestate’s children are all dead, all of them having left children, some one number and some another, in that case, all the intestate’s grand-children share equally ; for, as his children are all dead, their children take as next of kin, and, therefore, take per capita. But under our statute a different rule obtains.
The 128th section, when it declares that if there be no child, descendant, or father of the intestate, the brothers and sisters, and their descendants, shall have the whole, simply *132 determines who shall take, without furnishing a rule as to the apportionment. It was therefore necessary to make further provision upon the subject. This was done in sec. 129, which is to be read as explanatory of the preceding sec. 128. By this explanatory section, every brother and sister is declared to be entitled to an equal share, and that the child or children of such brother or sister “ shall stand in the place ” of his or their parent. Thus the rule of apportionment is given, and representation is provided for in all cases where nephews and nieces are the distributees, without regard to the fact that all the brothers and sisters of the intestate may have died before him. The rule prescribed is a general one, and from the terms of the statute, it admits of no exception or qualification. The same general rule of representation is prescribed by sec. 126, as to lineal descendants, and there can be no good reason suggested why distribution to children of brothers and sisters should be made on a different principle. Such child or children can only claim by standing in the place of his or their deceased ancestor and not by the degree *of kindred to the intestate, as under the English statute of distribution. They take by representation, and not in their own right.
We are, therefore, of opinion that the Orphans’ Court committed error in ordering the distribution to be made among the nephews and nieces of the intestate, in equal portions, or per capita, instead of per stirpes ; and the order appealed from must, therefore, be reversed. And the cause will be remanded to the Orphans’ Court that distribution may be made in accordance with this opinion.
The costs in this court, and those attending this controversy in the court below, to be paid out of the assets of the estate.

Order reversed and cause remanded.