EUGENIE VAN CLEVE ET AL. v. ABIGAIL VAN FOSSEN ET AL.

*Descent of property—Computation of degrees of consanguinity—* " *Next of kin* " *construed.*

1.  How. Stat. § 5776a, provides that the degrees of kindred shall be computed according to the rules of the civil law.

2.  The method of computing degrees of consanguinity by the civil law is to begin at either of the persons claiming relationship, and count up to the common ancestor, and then downwards to the other person, in the lineal course, calling it a degree for each person, both ascending and descending, and the degrees they stand from each other is the degree in which they are related.

3.  The term "next of kin," in Act No. 169, Laws of 1883, subd. 5, signifies those who stand in the nearest relationship to the intestate, according to the rules of the civil law for computing

degrees of kinship; and the words "in equal degree" exclude all others than those who stand in the same degree of kinship to the intestate.

Error to Wayne.   (Reilly, J.)   Argued October 23, 1888. Decided January 18, 1889.

Appeal from order of distribution of personal estate. Affirmed.   The facts are stated in the opinion.

*Conely, Maybury & Lucking,* for appellants, contended:

1. The word "children" in wills and statutes has often been held to mean the same as issue, and to include grandchildren; citing 1 Bouv. Law Dic. and cases cited.

2. "Children" held to be synonymous with "issue" very often; citing *Barnes v. Huson,* 60 Barb. 608; *Prowitt v. Rodman,* 37 N. Y. 42; *Royle v. Hamilton,* 4 Ves. Jr. 437; 2 Redf. Wills, 15, 16; *Wyth v. Blackman,* 1 Ves. 196.

3. After a very careful review of the cases, it has been held that the word "children" in a statute includes grandchildren, and that any other rule is a harsh one; citing *Cutting v. Cutting,* 6 Fed. Rep. 259, 264; *Walton v. Cotton,* 19 How. 355.

*Moore & Moore,* for appellees, contended:

1. The two nieces are "next of kin in equal degree," and there is no right of representation when the lineal line fails; citing 6 Bac. Abr. 187, 188, and cases cited; *Bigelow v. Morong,* 103 Mass. 287; *Conant v. Kent,* 130 Id. 178; *Quinby v. Higgins,* 14 Me. 309; and the nieces take; the grand-nieces have no claim; citing *Davis v. Stinson,* 53 Me. 493.

CHAMPLIN, J.   In 1886, Abby Patchin died intestate, leaving personal property of the value of about $10,000, to be administered in the probate court for the county of Wayne.   She left no issue, nor father nor mother, nor brother nor sister, living at the time of her death.

In such case the statute relating to the distribution of personal property of intestates provides that—

"The residue of the personal estate shall be distributed in the same proportions, and to the same persons, and for the same purposes, as prescribed for the descent and disposition of real estate."   How. Stat. § 5847.

Her sister, Eliza Van Fossen, who had died before her, had two daughters who were living at the death of the intestate,—one named Abigail Van Fossen, and the other named Sarah Thompson. Ralph Van Fossen and Margaret Van Fossen were also children of said Eliza Van Fossen, both of whom were dead at the time of the death of the intestate, but both of whom left a child or children surviving at the death of the intestate. John Van Fossen, Albert Van Fossen, and Eugenie Van Cleve are children of Ralph Van Fossen, and Frances Young is a daughter of Margaret Van Fossen. Ralph Lester, deceased, was a brother of the intestate, who had a daughter, Caroline Lester, who is also deceased, but who left seven children surviving her at the time of the death of the intestate, whose names are as follows: Caroline R. A. M. Mitkiewitz, Olga H. A. H. Mitkiewitz, Dimitrie I. S. G. Mitkiewitz, Fedora C. L. Mitkiewitz, Gabrielle L. B. A. Mitkiewitz, Constance E. E. O. Mitkiewitz, and Sergius F. M. R. Mitkiewitz. Lydia Putnam was a deceased sister of the intestate, who had a son, also deceased, but who left him surviving a son by the name of Edward Putnam, who was living at the time of the death of the intestate.

The probate court for the county of Wayne, by an order dated July 19, 1887, awarded all of the estate of the deceased to Abigail Van Fossen and Sarah Thompson, the nieces of the intestate. All of the appellants are grandchildren, and are one degree more remote than the appellees. They claim that the estate should descend to the children of the deceased brother and sisters, by the right of representation, under subdivision 3, § 1, Act No. 169, Laws of 1883, which reads as follows :

"3. If he shall leave no issue, nor widow, nor father, one-half of his estate shall descend to his mother, and the remainder in equal shares to his brothers and sisters,

and to the children of any deceased brother or sister by right of representation."

On the other hand, the appellees claim that the case is governed by the fifth subdivision of the section, which reads as follows:

"5. If the intestate shall have no issue nor widow, and no father, mother, brother, nor sister, his estate shall descend to his next of kin in equal degree, excepting that when there are two or more collateral kindred in equal degrees, but claiming through different ancestors, those who claim through the nearest ancestor shall be preferred to those claiming through an ancestor more remote."

Section 5776a, How. Stat., provides that—

"The degrees of kindred shall be computed according to the rules of the civil law."

The method of computing degrees of consanguinity by the civil law is to begin at either of the persons claiming relationship, and count up to the common ancestor, and then downwards to the other person, in the lineal course, calling it a degree for each person, both ascending and descending, and the degrees they stand from each other is the degree in which they are related. Computing the degrees in this case according to the civil law, Abigail Van Fossen and Sarah Thompson, the nieces of the intestate, stand in the third degree of consanguinity to Abby Patchin, and the other claimants, who are grandchildren, stand in the fourth degree from the intestate. It is plain, therefore, that these do not stand in an equal degree as next of kin to the deceased.

The term "next of kin" in the statutes signifies those who stand in the nearest relationship to the intestate, according to the rules of the civil law for computing degrees of kinship. In this subdivision of the statute there are no words suggesting that any one is to take by the right of representation. But that idea is excluded

by the words that the estate shall descend to his "next of kin *in equal degree.*" We must so construe this statute as to give each word and sentence force and effect, and the words "in equal degree" exclude all others than those who stand in the same degree of kinship to the intestate. *Quinby v. Higgins,* 14 Me. 309; *Davis v. Stinson,* 53 Id. 493; *Wimbles v. Pitcher,* 12 Ves. 433; *Petts' Case,* 1 P. Wms. 25; Reeve, Des. 115, 116; *Bigelow v. Morong,* 103 Mass. 287; *Conant v. Kent,* 130 Id. 178.

The exception in this clause of the statute does not aid the appellants. That applies to a different class of cases; as, for instance, by the civil law, an uncle and a nephew each stand in the third degree of kinship to an intestate. The common ancestor of the uncle is the grandfather, and the common ancestor of the nephew is the father. The statute, through the exception in such case, gives the whole estate to the nephew, because his ancestor is the nearest ancestor of the intestate.

It must be certified to the probate court that Abigail Van Fossen and Sarah Thompson are the next of kin in equal degree to Abby Patchin, and entitled to take the whole estate to the exclusion of the appellants. The order and decree of the probate and circuit courts are affirmed, with costs. Let it be certified accordingly.

The other Justices concurred.