CHARLES S. HALL AND JOHN O. HALL,

Appellants from Decree of Judge of Probate.

Knox.   Opinion February 18, 1918.

*Rules 4 and 6 of Chap. 80, Sec. 1, R. S., 1916, interpreted.*

This is an appeal from the decree of the Judge of Probate of Knox County, making a partial distribution of the personal property of the estate of Lavinia M. Snow among the eighteen nephews and nieces of said intestate as her next of kin, each having an equal share.

The decedent was more than eighty years old when she died, and she was never married.   Her grandparents, father, mother and all her sisters and brothers died before she did.   Eighteen nephews and nieces survived her.

Besides these nephews and nieces she left several grandnephews and grandnieces who claim to inherit as heirs of the intestate by right of representation.   Hence arises the question whether this estate descends under Rule 4 or Rule 6, R. S., Chap. 80, Sec. 1.

*Held:*

The language of Rule 6 is so clear and unequivocal that its meaning will admit of no interpretation.   This rule expressly declares that the estate shall descend to the next of kin and accordingly must be distributed per capita, and not per stirpes, as the nephews and nieces are next of kin and the grandnephews and grandnieces are not.

Appeal from decree of Judge of Probate, Knox County, Supreme Court of Probate.   The case was reported to the Law Court upon certain agreed statement of facts, upon which the Law Court was to determine the legal heirs of Lavinia M. Snow, and their respective shares in her estate.   Judgment in accordance with opinion.

Case stated in opinion.

*Frank B. Miller, and William T. Hall,* for appellants.

*Edward K. Gould,* for appellee.

SITTING:   CORNISH, C. J., SPEAR, KING, HANSON, PHILBROOK, JJ.

SPEAR, J.   This is an appeal from the decree of the Judge of Probate of Knox County making a partial distribution of the personal

property of the estate of Lavinia M. Snow among the eighteen nephews and nieces of said intestate as her next of kin, each having an equal share.

Lavinia M. Snow was more than eighty years old when she died, and she was never married. Her grandparents, father, mother and all her sisters and brothers died before she did. Eighteen nephews and nieces the issue of her four deceased sisters and one deceased brother survived.

Besides eighteen nephews and nieces, the intestate left several grandnephews and grandnieces who claim to inherit as heirs of the intestate by right of representation. Hence arises the question whether this estate descends under Rule 4 or Rule 6, R. S., Chap. 80, Sec. 1. Rule 4 reads as follows: "If no such issue or father, it descends one-half to his mother. If no such issue or mother, it descends one-half to his father. In either case, the remainder, or, if no such issue, father or mother, the whole descends in equal shares to his brothers and sisters, and when a brother or sister has died, to his or her children or grandchildren by right of representation."

The facts upon which this rule is predicated are (a) that the intestate leaves no such issue or father; (b) no such issue or mother; (c) no such issue father or mother. Under (c) the children of a deceased brother or sister inherit by right of representation. True clause (c) does not specifically state that it is to be applied, only when a brother or sister of the deceased brother or sister is living, at the time of the intestate's death, but it must be construed in connection with Rule 6, which does expressly state: "If no such issue, father, mother, brother or sister, it descends to his next of kin in equal degree; when they claim through different ancestors to those claiming through a nearer ancestor in preference to those claiming through an ancestor more remote." The facts upon which this rule is predicated are (d) that the intestate leaves no such father, mother, brother or sister. And the necessary implication from (d), Rule 6, is that (c), Rule 4, contemplates a living brother or sister. *Doane* v. *Freeman*, 45 Maine, 113, cited by the plaintiff was, by necessary implication, overruled by *Davis* v. *Stinson*, 53 Maine, 493. We think the later decision gives the proper construction of the statute. The language of Rule 6 is so clear and unequivocal that its meaning will admit of no interpretation. This rule expressly declares that the estate shall descend to the next of kin and accordingly must be distributed per capita, and not

per stirpes, as the nephews and nieces are next of kin and the grandnephews and grandnieces are not. *Davis* v. *Stinson*, supra. *Fairbank's Appeal*, 104 Maine, 333-337.

<div style="text-align:center">

*Appeal denied.*
*Decree of Judge of Probate*
*affirmed with costs.*