HOUSLEY *v.* LASTER *et al.*

(*Nashville*, December Term, 1939.)

Opinion filed May 18, 1940.

King & King, of Memphis, for plaintiff in error.

John W. Wilson, of Mempis, for defendants in error.

Mr. Chief Justice Green delivered the opinion of the Court.

The question presented upon this appeal is whether nephews and nieces of an intestate share the estate *per capita* or *per stirpes*, the brothers and sisters of the intestate all being dead. The probate judge held that the estate was to be distributed *per stirpes* and those adversely affected have appealed to this court.

We are of opinion that the probate judge decided the question properly. Section 8389 of the Code of 1932 regulates the distribution of the surplus personalty of an intestate. Subsection 5 of that statute provides:

"If no father or mother, to brothers and sisters, or the children of such brothers and sisters representing them, equally."

It should be observed that the children of brothers and sisters, under this statute, take as representatives of such brothers and sisters—each representative, or representative group, equally.

In the law of descent and distribution, taking by representation means taking *per stirpes*. 2 Bl. Com., 217;

2 Bouv. Law Dict. Rawle's Third Revision, page 2558, defining *per stirpes*.

Distribution of personalty was controlled in this State at an early date by chapter 3 of the North Carolina Acts of 1766; later by section 2429 of the Code of 1858; and now by section 8389 of the Code of 1932. While these several statutes vary in phraseology, all provide that children of brothers and sisters, nephews and nieces of intestate, take the intestate's personalty by representation, that is, *per stirpes*.

The Act of 1766 was so construed by this court in *Lewis* v. *Claiborne,* 13 Tenn. (5 Yerg.), 369, 370, 375, 26 Am. Dec. 270; section 2429 of the Code of 1858 was so construed in *Alexander, Executor* v. *Wallace,* 76 Tenn. (8 Lea), 569; and we see no reason for giving a different construction to subsection 5 of section 8389 of the Code of 1932.

That our construction is correct is indicated by subsection 6 of section 8389 providing "If no brother or sister, or their children, to every of the next of kin of the intestate who are in equal degree, equally." So, after passing the children of brothers and sisters, distribution is to the next of kin, equally, *per capita*. Distribution to the children of brothers and sisters, however, is not made to such children as next of kin, but as representatives of their parents. This is made clear in *Lewis* v. *Claiborne, supra.*

Section 8390 of the Code provides: "There is no representation among collaterals, after brothers' and sisters' children." Up to the point indicated, however, there is representation among collaterals, that is, up to and including brothers' and sisters' children.

We are referred by counsel to Sizer's Prichard Law of Wills and Executors, section 767, as expressing views

contrary to those above indicated. Plainly, however, the learned author was discussing distribution among lineal distributees, not among collateral distributees.

■ ■ Descent and distribution are controlled by statute and authorities from other jurisdictions are not controlling. The decisions of this court do not make the distinction pressed by counsel that distribution *per stirpes* is only made when the collateral distributees are related in unequal degree to the intestate. There was no inequality in degree either in *Lewis* v. *Claiborne, supra,* or in *Alexander, Adm'r,* v. *Wallace, supra.* The distribution in those cases was entirely among nephews and nieces, no brother or sister of the intestate surviving.

The judgment of the court below is affirmed.