211 P.2d 407

## In re REIL'S ESTATE.

No. 7570.

Supreme Court of Idaho.

Nov. 9, 1949.

David L. Bazelon, Assistant Attorney General, Washington D. C., John A. Carver, Sr., United States Attorney for the District of Idaho, and Paul S. Boyd, Assistant United States Attorney for the District of Idaho, Boise, James L. Morrison and Robert B. McKay, Washington. D. C., for the Attorney General of the United States, as successor to the Alien Property Custodian, Washington, D. C.

Cox, Ware & Stellmon, Lewiston, for appellants.

66

Ray E. Durham, Lewiston, for Henry Reil, Administrator of Estate of Fred Reil, deceased, Lewiston, Idaho, for respondents.

TAYLOR, Justice.

The question presented by this appeal is whether, under our statute, nieces and nephews of an intestate inherit per stirpes or per capita. That is whether they take as representatives of their deceased parents, or in their own right as "next of kin." The facts are stipulated. Fred Reil died intestate August 29, 1944, leaving neither issue, wife, father, mother, brother nor sister. He left surviving fourteen nieces and nephews, children of two brothers and two sisters. Ten of these heirs, sons and daughters of one of the brothers and one of the sisters, reside in Germany. The Attorney General of the United States is claiming their share of the estate as successor to the Alien Property Custodian, and contends that the estate should be divided equally among the fourteen survivors, under the provisions of subsection 5, section 14-103, I.C. Four of the heirs, one a descendant of the other brother and three descendants of the other sister, reside in the United States. These contend the estate should be divided into four equal parts, one

for each of the four brothers and sisters of the intestate, and that they as the representatives of one of the brothers and one of the sisters should take two-fourths, and that subsection 3, section 14-103, I.C., is the applicable provision of the statute. It is conceded that if one or more of decedent's brothers or sisters had survived him, then the nieces and nephews would take by right of representation under subsection 3. In this case, the brothers and sisters of intestate having all predeceased him, do the nieces and nephews take under subsection 3, per stirpes, or under subsection 5, per capita? The probate court ordered a per stirpes distribution. On appeal the district court reversed the probate court and entered judgment providing for distribution per capita. This appeal is from that judgment.

Two of the fourteen have died since the death of the intestate. It is agreed that their shares descend to their children as representatives.

Subsections 3 and 5 of section 14-103, I.C. are as follows:

"3. If there be neither issue, husband, wife, father nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister by right of representation."

"5. If the decedent leave neither issue, husband, wife, father, mother, brother nor sister, the estate must go to the next of kin in equal degree, excepting that when

there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor must be preferred to those claiming through an ancestor more remote."

It is appellant's position that the right of representation given to the children of any deceased brother or sister by the last clause of subsection 3 should be held to apply in all cases of inheritance by nieces and nephews even though there is no survivor among the brothers and sisters of the intestate. They cite: In re Jepson's Estate, 174 Cal. 684, 164 P. 1; McComas v. Amos, 29 Md. 120; Housley v. Laster, 176 Tenn. 174, 140 S.W.2d 146; Central Hanover Bank & Trust Co. v. Helme, 121 N.J.Eq. 406, 190 A. 53 at page 60; Claude v. Schutt, 211 Iowa 117, 233 N.W. 41, 78 A.L.R. 1375; In re Healy's Estate, 176 Cal. 244, 168 P. 124; Iglehart v. Holt, 12 App.D.C. 68; and In re Yonk's Estate, Utah, 204 P.2d 452. In the Jepson case the deceased left a surviving widow and nieces and nephews. It was held that under an amendment of the California statute the nieces and nephews were entitled to share with the surviving widow. Prior to the amendment the widow took all. Ingram's Estate, 78 Cal. 586, 21 P. 435, 12 Am.St.Rep. 80. In this earlier case the decedent left a surviving husband and the issue of a deceased sister. The California court held that the entire estate went to the husband under what was then subsection 5 of the California statute, and that

their subsection 2, which is comparable to our subsection 3, applies only in cases where there is a surviving brother or sister. In the Jepson case the court complained of the injustice of the rule in the Ingram case, because it excluded children of a deceased brother or sister where there was no surviving brother or sister, but permitted them to share where there was such survivor. The reasoning is not applicable here, however, because of the provisions of subsection 4 of our statute, which is as follows:

"4. If the decedent leave a surviving husband or wife and neither issue, father nor mother, the whole estate goes to the surviving husband or wife."

Under this provision the surviving husband or wife would inherit the entire estate whether there was a surviving brother or sister or not.

In McComas v. Amos, supra, it was held that under the Maryland statute, which provided that children of brothers and sisters "shall stand in the place" of his or their parents, nieces and nephews inherit per stirpes. The same Maryland statute was similarly applied and followed in Iglehart v. Holt, supra. We have no similar statutory provision. In Housley v. Laster, supra, the Tennessee court held that nieces and nephews take per stirpes. But the Tennessee statute expressly classes children of brothers and sisters as their representatives.

Central Hanover Bank & Trust Co. v. Helme, supra, is a will case. It is cited in

support of the proposition that where there is doubt the courts award to issue per stirpes. The court was concerned with the meaning of the word "issue" as used by the testator. It is also to be noted that the case does not involve inheritance by collaterals, but deals with bequests and legacies to lineal descendants. Inheritance by lineal descendants is provided for by subdivision 2 of our statute. Claude v. Schutt, supra, also involving the construction of a will, dealt with lineal descendants and not collaterals. In re Healy's Estate, supra, is another will case in which the testator gave bequests to grandnieces and grandnephews "by right of representation." It was held that the distribution should be made per stirpes.

In re Yonk's Estate, supra, is a recent Utah decision. The intestate left as his sole heirs 24 nieces and nephews, sons and daughters of five brothers and sisters. The court held that the Utah statute requires distribution per stirpes in such case. The statute, both before and after the amendment of 1933, is set out in the opinion. Like the California statute the Utah law requires the surviving spouse to share with brothers and sisters of the decedent. In other respects, the original Utah act as to collaterals was the same as ours. Their subsection 6 (which, before the amendment, was the same as our 5) as amended provides:

"(6) If the decedent leaves neither issue, husband, wife, father, mother, brother nor sister, nor children or grandchildren of any deceased brother or sister, the estate must go to the next kin in equal degree, * * *." U.C.A.1943, 101—4—5(6)

As to the effect of the amendment the court said [204 P.2d 457]:

"The revision of subsection (6) further assists in determining the legislative intent. Prior to the revision, a strict interpretation of the section would require that nieces and nephews be considered as inheriting under the provisions of this section. The early provision extended preference no further than surviving issue, husband, wife, father, mother, brother and sister. The amended and revised section included children or grandchildren of a deceased brother or sister with the more preferred class and withdrew them from the less preferred 'next of kin' class."

Other jurisdictions having statutory provisions the same as, or similar to, our own have quite universally held that nieces and nephews take per capita and not per stirpes. In re Ingram's Estate, 78 Cal. 586, 21 P. 435, 12 Am.St.Rep. 80; in re Carmody's Estate, 88 Cal. 616, 26 P. 373; Lynch v. Lynch, 132 Cal. 214, 64 P. 284; in re Nigro's Estate, 172 Cal. 474, 156 P. 1019; in re Ross' Estate, 187 Cal. 454, 202 P. 641; Appeal of Hall, 117 Me. 100, 102 A. 977; Snow v. Snow, 111 Mass. 389; Conant v. Kent, 130 Mass. 178; Van Cleve v. Van Fossen, 73 Mich. 342, 41 N.W. 258; in re Breg's Estate, 71 Minn. 11, 73 N.W. 511; in re Fretheim's Estate, 156 Minn. 366,

194 N.W. 766; Douglas v. Cameron, 47 Neb. 358, 66 N.W. 430; McKay's Estate, 43 Nev. 114, 184 P. 305; Schneider v. Payne, 205 Wis. 235, 237 N.W. 103.

In an excellent article "Per Stirpes or Per Capita", by Charles C. White, 13 Cincinnati Law Review 298, after a lengthy review of treatises, textbooks, and decisions, both English and American, in his summary he says;

"In the absence of phraseology to the contrary, both in statutes of descent and distribution and in wills, the distribution is per capita when the takers are in equal degree of consanguinity to the decedent. The distribution is per stirpes when the takers are not equally related to the decedent."

■ Appellants contend that under I.C. sec. 73-116, the rules of the common law must be considered. Assuming that this contention is based upon the theory that this is a case "not provided for" in the statute, the point is not well taken because our statute purports to provide a complete system for the succession to property of decedents. In so far as it does so it abrogates the common law. Broward v. Broward, 96 Fla. 131, 117 So. 691; Knapp v. Windsor, 6 Cush., Mass., 156; Davis v. Rowe, 6 Rand., Va., 355; Overton v. Heckathorn, 81 W.Va. 640, 95 S.E. 82. However, in any event, by the passage of the Statute of Distributions in England the rules of the common law were so changed that they are no longer in conflict with the

rule applied herein. Cases immediately above and: Walsh v. Walsh, 4 Chan. 54, 24 Eng.Rep. 27; Davers v. Dewes, 3 P. Wms. 40, 24 Eng.Rep. 961; Blackstone Com. 354-355; 2 Kent's Com. 425; 4 Kent's Com. 392; 2 Tiffany Real Prop. 1899-1900.

■ Appellants argue that a consideration of I.C. 14-115 in connection with I.C. 14-103, requires the construction of the latter section contended for. Section 14-115 merely purports to define "by right of representation" and does not otherwise influence the application of Section 14-103. McKay's Estate, supra.

Appellants call attention to the Probate Practice Act of 1864, Idaho Laws, First Session, 388. The pertinent provisions are as follows:

" * * * Third. If there be no issue, nor husband, nor wife, nor father, then in equal shares to the brothers and sisters of the intestate, and to the children of any deceased brother or sister, by right of representation: Provided, That if he or she shall leave a mother, also, she shall take an equal share with the brothers and sisters. Fourth. If the intestate shall leave no issue, nor husband, nor wife, nor father, and no brother or sister living at his or her death, the estate shall go to his or her mother, to the exclusion of the issue (if any) of deceased brothers or sisters. * * * Sixth. If the intestate shall leave no issue, nor husband, nor wife, and no father, mother, brother nor sister,

the estate shall go to the next of kin in equal degree."

It is urged that the exclusion clause in section "Fourth" implies that nieces and nephews would otherwise share in the estate even though no brother or sister survived. This is a logical inference. However, it is the statute as it now exists which we must construe. In Douglas v. Cameron, supra, the Nebraska court, construing a statute the same as the act of 1864, held that nieces and nephews inherit per capita. Likewise the California statute once contained this same provision. . Statutes of California, 1862, page 570. Yet the California courts in the cases cited held that the inheritance of nieces and nephews in such cases is per capita. Our probate laws having come from California, the decisions of that state "are of high authority on the statutes construed." Short v. Thompson, 56 Idaho 361, 55 P.2d 163, 169; Simons v. Davenport, 66 Idaho 400, 160 P. 2d 464.

Moreover, the facts of this case fit exactly the provisions of subsection 5, sec. 14-103 I.C. We, therefore, hold that Fred Reil having died intestate leaving neither issue, wife, father, mother, brother nor sister, his estate descends to his nieces and nephews, living at his death, per capita, as his next of kin in equal degree.

The judgment of the district court is affirmed. Costs to respondents.

HOLDEN, C. J., and GIVENS, PORTER and KEETON, JJ., concur.