Argued May 23, reversed August 14, petition for rehearing denied
September 5, 1951

## BONES *v.* LOLLIS ET AL.

234 P. 2d 788

*Mark V. Weatherford,* of Albany, argued the cause for appellants. With him on the brief was G. K. Litchfield, of Newport.

*R. F. Hollister,* of Portland, argued the cause for respondent. On the brief were Hollister & Hollister, of Portland.

Before BRAND, Chief Justice, and ROSSMAN, LATOURETTE and TOOZE, Justices.

BRAND, C. J.

This is a proceeding initiated in the County Court to determine the heirship to the estate of Birdie Williams who died intestate. The pleadings present the following issue: Birdie Williams and Mort Lollis were sister and brother. Mort Lollis predeceased his sister. He had three children, M. J. Lollis and Helen Cook, the defendants herein, and Birdie Lollis Bones who predeceased Birdie Williams. Birdie Lollis Bones left surviving her a son, Joseph J. Bones, the petitioner herein. Thus M. J. Lollis and Helen Cook were nephew and niece respectively of Birdie Williams and Joseph J. Bones was the grandnephew of Birdie Williams. The petitioner asserts that he, as grandnephew, is entitled to share equally with the nephew and niece in the estate of Birdie Williams. The defendants contend that they, as nephew and niece, should share the estate to the exclusion of the grandnephew. The cause was transferred to the Circuit Court for trial upon the issue of law thus presented, there being no dispute as to the facts. The Court entered a decree awarding an undivided one-third part of the estate to the petitioner and a like one-third to each of the defendants who now appeal. The sole question is whether a grandnephew is entitled to share equally with a nephew and niece, where no brother or sister or mother or father or wife or husband or lineal descendant survives the intestate. The statute of descent and distribution provides for the order of descent of real properties as follows:

"" * * *

"1. In equal shares to his or her children, and to the issue of any deceased child by right of representation; and if there be no child of the intestate living at the time of his or her death, such real

property shall descend to all his or her other lineal descendants; and if all such descendants are in the same degree of kindred to the intestate, they shall take such real property equally, or otherwise they shall take according to the right of representation.

"2. If the intestate shall leave no lineal descendants, such real property shall descend to his wife, or if the intestate be a married woman, and leave no lineal descendants, then such real property shall descend to her husband; and if the intestate leave no wife or husband, then such real property shall descend in equal proportions to his or her father and mother.

"3. If the intestate shall leave no lineal descendants, neither husband, nor wife, nor father, such real property shall descend to his or her mother; if the intestate shall leave no lineal descendants, neither husband, nor wife, nor mother, such real property shall descend to his or her father; if the intestate shall leave no lineal descendants, neither husband nor wife, nor father nor mother, such real property shall descend in equal shares to the brothers and sisters of the intestate, and to the issue of any deceased brother or sister by right of representation.

"4. If the intestate shall leave no lineal descendants, neither husband nor wife, nor father, mother, brother, nor sister, such real property shall descend to his or her next of kin in equal degree, excepting that when there are two or more collateral kindred in equal degree but claiming through different ancestors, those who claim through the nearest ancestor shall be preferred to those claiming through a more remote ancestor.

" * * * ." O.C.L.A., § 16-101 as amended by Laws of 1947, chapter 415.

The statute further provides that personal property shall be distributed among the persons who would be entitled to the real property of the intestate, subject to certain exceptions with which we are not here

concerned. O.C.L.A., § 16-102. The statute further provides:

> "The word 'issue,' as used in this title, includes all the lawful and lineal descendants of the ancestor; and the term 'real property' includes all lands, tenements, and hereditaments, and rights thereto, and all interest therein, whether in fee simple or for the life of another. The term 'personal property' includes all goods and chattels, moneys, credits, and effects of whatever nature not included in the term 'real property.' Inheritance 'by right of representation' takes place when the lineal descendant of any deceased heir takes the same share or portion of the estate of an intestate that the parent of such descendant would have taken if living. For the purpose of this title a posthumous child is to be deemed living at the death of its parent." O.C.L.A., § 16-402.

The petitioner, a grandnephew, claims that his alleged right of inheritance arises from the application of paragraph 3 of O.C.L.A., § 16-101, supra, whereas the defendants assert that paragraph 4 of that section controls.

■ Under the provisions of O.C.L.A., § 16-402, the son, daughter and grandson of Mort Lollis are each to be deemed his "issue", and if paragraph 3 applies, we suppose the three would share equally in the estate. But an analysis of the entire section demonstrates that paragraph 3 is not applicable. Property does not descend to dead persons. The first provision in paragraph 1 contemplates that property shall descend to the living children and to the issue of any deceased child by right of representation, for the next clause of the same paragraph provides for the order of descent when there is no child of the intestate living at the time of his or her death. In that event the property shall descend to "all his or her other lineal de-

scendants." It will be observed that if all such descendants are in the same degree of kindred to the intestate "they shall take such real property equally" but in this section it is expressly provided that if they are not of the same degree they shall take by right of representation. This section distinguishes between two groups: First, the children who are living plus the issue of any deceased child; second, the lineal descendants when there is no living child. The last portion of paragraph 3 specifies the conditions under which the property shall descend in equal shares to the brothers and sisters of the intestate and to the issue of any deceased brother or sister by right of representation. This clause clearly contemplates that there shall be living one or more brothers or sisters to whom property may descend and if there are, then the issue of any deceased brother or sister takes by right of representation as expressly provided. Paragraph 4 covers the case when the decedent leaves no brother nor sister. This paragraph would be unnecessary if paragraph 3 covered the same situation; and if both paragraphs were held to apply, they would present two inconsistent rules of descent upon identical facts. Under paragraph 4 the word "leave" no brother, nor sister means *leave surviving*. In *Rooke v. Queen's Hospital,* 12 Hawaiian Rep. 375, the Court said:

"* * * It is now generally conceded that the words 'without leaving issue' naturally mean 'without leaving issue surviving' and that to hold that they import an indefinite failure of issue would in most instances be in violation of the manifest intention of the testator. Accordingly, the rule supporting such construction has been abolished by statute in England and in some of the United States. In other States it is either rejected by the courts or regarded as having so little force as to be overcome

by very slight expressions pointing in the other direction. * * *. We may add that the words 'leave' and 'leaving' are used many times in our statute of descents and uniformly in the sense of leave or leaving living at the death, as, in the phrases 'if he shall leave no issue,' 'if A. dies leaving no children,' etc."

Paragraph 4 specifically covers the case at bar, i. e., since the intestate did "leave" neither brother nor sister surviving her we must hold that the case is controlled by that paragraph. The conclusion necessarily follows: The property descends to the "next of kin in equal degree," except in cases covered by the last clause of the paragraph which has no bearing here. A nephew and a grandnephew are not of equal degree. In other parts of the section when it was intended that one should take by right of representation, that right has been expressly given. There is no such provision in paragraph 4 and to read such a right into the statute at that point would be inconsistent with the provision that the next of kin *in equal degree* shall inherit.

Petitioner contends that it is improper to "read into" paragraph 3 the word "surviving" so as to make it apply only to surviving brothers or sisters. But we think it impossible to avoid such a construction because, as we have said, dead men can not inherit property. The construction advocated by the petitioner would require us to "read into" paragraph 4 words which are actually inconsistent with the statute as written. That paragraph as construed by petitioner would read "shall descend to his or her next of kin in equal degree and to the issue of any such deceased kin by right of representation." This we can not do. The conclusion at which we have arrived is supported by the following

decisions: *Appeal of Hall et al.,* 117 Me. 100, 102 A. 977;
*Van Cleve v. Van Fossen,* 73 Mich. 342, 41 N.W. 258;
*Clary v. Watkins,* 64 Neb. 386, 89 N.W. 1042; *In re Fretheim's Estate,* 156 Minn. 366, 194 N.W. 766;
*Schneider v. Payne,* 205 Wis. 235, 237 N.W. 103; *In re Nigro's Estate,* 172 Cal. 474, 156 P. 1019; *In re Ross' Estate,* 187 Cal. 454, 202 P. 641; *Conant v. Kent,* 130 Mass. 178; *Douglas v. Cameron,* 47 Neb. 358, 66 N.W. 430; *Bigelow v. Morong,* 103 Mass. 287.

In some of the cited cases the statutes differ from paragraph 3 of O.C.L.A., § 16-101, in that they read "and to the children or grandchildren of any deceased brother or sister by right of representation" instead of reading "and to the issue  *  *  *", as in the Oregon law. The force of these decisions is not lessened by this fact. The point is that paragraph 3 and the parallel but somewhat different wording of statutes from other states both apply only when there is at least one brother or sister surviving. Our paragraph 4 applies when the intestate leaves surviving none of the preferred heirs and neither brother nor sister. We have examined the other cases cited by the petitioner and find them not in point.

■ Our conclusion is in harmony with the opinion of the Attorney General of Oregon. Opinions of the Attorney General, 1934-1936, p. 602. We hold that the defendants as nephew and niece of the intestate inherit share and share alike to the exclusion of the petitioner grandnephew. The decree of the Circuit Court is reversed. The mandate of this Court will issue to said Circuit Court with directions to order the County Court of Lincoln County to enter the mandate of this Court in the files and records of the estate of Birdie Williams, deceased.