ESTATE OF SZACZYWKA: MAKAREWICZ and others, Appellants, vs. McEvoy and another, Respondents.

*May 4—June 1, 1955.*

The cause was submitted for the appellants on the brief of *Julius Grotsky* and *Vaudreuil & Vaudreuil,* all of Kenosha, and for the respondents on the brief of *John P. McEvoy* of Kenosha.

STEINLE, J.   The sole question involved on this appeal is: When a decedent is survived only by a first cousin and by second cousins who are children of a first cousin who predeceased the decedent, does the first cousin inherit all of the decedent's estate to the exclusion of the second cousins' right to inherit the share their parent would have taken had he survived?

Sec. 237.01, Stats., provides in part:

"When any person shall die seized of any lands, tenements, or hereditaments or any right thereto or entitled to any interest therein, in fee simple, not having lawfully devised the same, they shall descend, . . . in the manner following:

"(1) In equal shares to his children and to the lawful issue of any deceased child by right of representation; and if there be no child of the intestate living at his death his estate shall descend to all his other lineal descendants; and if all the said descendants are in the same degree of kindred to the intestate they shall share the estate equally, otherwise they shall take according to the right of representation. . . .

"(3) If the intestate leave no lawful issue nor widow nor widower nor father nor mother the estate shall descend in equal shares to the intestate's brothers and sisters and to the lineal descendents of any deceased brother or sister by right of representation.

"(4) If the intestate leave no lawful issue, widow, widower, father, mother, brother, nor sister the estate shall descend to the intestate's next of kin in equal degree, except that when

there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor shall be preferred to those claiming through an ancestor more remote; provided, however, . . ."

Sec. 237.07, Stats., provides that:

"Inheritance, or succession by right of representation, takes place when the descendants of any deceased heir take the same share or right in the estate of another person that their parent would have taken if living; posthumous children are considered as living at the death of their parents."

The provisions of sec. 237.01 (4), Stats., apply to the situation in the case at bar.

Under the clear and express language of sec. 237.01 (4), Stats., the estate descends to the intestate's next of kin in equal degree. The item of "succession by right of representation" as defined in sec. 237.07 and as applicable in sec. 237.01 (1) and (3) is absent in sec. 237.01 (4). By virtue of such omission it is clear that the legislature intended that only the deceased's next of kin in equal degree are to share in the estate. As was held in *Estate of Reil* (1949), 70 Idaho, 64, 211 Pac. (2d) 407, 19 A. L. R. (2d) 186, a statute defining the term "by right of representation" has no application to a statute which does not provide for descent by right of representation, but restricts descent to "next of kin in equal degree."

Sec. 237.03, Stats., provides:

"DEGREES OF KINDRED, HOW COMPUTED. The degrees of kindred shall be computed according to the rules of the civil law; and kindred of the half blood shall inherit equally with those of the whole blood in the same degree unless the inheritance came to the intestate by descent, devise, or gift of some one of his ancestors; in which case all those who are not of the blood of such ancestors shall be excluded from such inheritance."

In 2 Gary, Wisconsin Probate Law (5th. ed.), p. 117, sec. 628, the author points out that the rule of the civil law, used in computing degrees of kinship in this state, is to count up the degrees, from one of the persons related, to the common ancestor, and down to the other from the common ancestor, adding the number of degrees in both lines. Under this method (illustrated by diagram in the author's text), a cousin is one degree nearer of kin than is a cousin's child.

Had Kajeton Makarewicz, father of the appellants and brother of Josephine Maejeck, survived the intestate, Ignatz Szaczywka, it is plain that he would have shared the estate per capita with Josephine Maejeck for the reason that he was of equal degree with her in kinship to the deceased. Had neither Josephine Maejeck nor Kajeton Makarewicz survived the intestate, then appellants would have been the next of kin of equal degree and would have shared per capita. However, since the legislature has limited the descent to the next of kin of equal degree, and because appellants are not of equal degree with Josephine Maejeck, who has survived the decedent, but are in fact a degree removed, the trial court properly determined that she was entitled to the entire distribution of the estate.

*By the Court.*—Order affirmed.