DREW, E. HARRIS, Associate Judge.
This is an appeal from an order of the Circuit Court for Dade County, Florida, affirming an order of the County Judge’s Court which determined the method of distribution of the estate of Lillian A. Da-vol, an intestate. It was the view of both courts that Sections 731.23 and 731.25, Florida Statutes, F.S.A., required distribution per stirpes among decedent’s nephews and nieces, who were her sole surviving heirs.
The appellants are the five children of decedent’s brother John, together with representatives of another of his sons who died subsequent to his aunt. It is their contention that distribution should have been made per capita, as against the claims of their cousins, three children surviving decedent’s sister Harriet, and two surviving another brother, William.
Insofar as here applicable, the statutes provide that the “property of an intestate shall descend and be distributed as follows: * * * (5) (in the absence of preferred classes) to the brothers and sisters and the descendants of deceased brothers and sisters.” F.S. § 731.23, F.S.A. And in a succeeding provision: “Descent and distribution, whether to lineal descendants or to collateral heirs, shall always be per stirpes.” F.S. § 731.25, F.S.A.
Appellants rely upon the general principle that the rule of representation, being one of necessity to prevent disinheritance of the more remote members of a class of heirs, is not resorted to except when those entitled to distribution are of an unequal degree of consanguinity. While this is apparently the prevailing rule, either under statutes specifically so providing or by judicial reasoning in the absence of legislative direction, we find no case in which the precise statutory language here controlling has been construed to permit per capita distribution to heirs of equal consanguinity. 26A C.J.S. Descent & Distribution § 23, pp. 564-567.
The cases clearly recognize that it lies within the legislative province to eliminate per capita distribution in any or all classes of heirs in intestacy. Thus where the rule of representation, or per stirpes distribution, is set forth in the following language: “If, in the descending, or collateral line, any father or mother may be dead, the child or children of such father or mother shall, by representation, be considered in the same degree as the father or mother would have been, if living, and shall have the same share of the estate as the father or mother, if living, would have been entitled to, and no more * * *,” then distribution is made per stirpes among nieces and nephews even though they constitute the sole surviving class of heirs, related in equal degree, of course, to decedent. McComas v. Amos, 29 Mo. 132. The statute laid down an unqualified rule of per stirpe-tal descent which could not be disregarded, the rule of representation being made applicable to the case where all parties entitled stood in equal degree of relationship to the intestate, as where they stood in unequal degrees. Accord: Swenson v. Lewison, 135 Minn. 145, 160 N.W. 253; Housley v. Laster, 176 Tenn. 174, 140 S.W.2d 146.
Illustrative of appellants’ argument to the contrary is the case of Houston v. Davidson, 45 Ga. 574. The court there pointed out that the Georgia law of descent had originally been closely patterned after the English statute, under which representation among collaterals did not extend further than to the children of brothers and sisters and distribution would be made per *190 capita among living nephews and nieces alone, to the exclusion of any children of deceased nephews and nieces. The opinion points out that under a later statutory provision the law “stood altered so as that the child or children of the intestate’s nephews and neices (sic) entitled.” It was the view of the court that the code provision, Code 1868, § 2448, controlling the Houston case, declaring that “the children or grand-children of brothers and sisters * * * shall represent and stand in the place of their deceased parents,” was intended to restate the latter rule which had been engrafted upon the original statute. The provision was therefore designed simply to extend the rule of representation to the grandchildren of brothers and sisters so as to permit them to share in the estate even when members of the more closely related class, their aunts or uncles, were still living. The court found no sufficient expression of an intention to alter the established law of that jurisdiction that the rule of representation should control distribution only when “those entitled do not stand in equal degree.” 45 Ga. at page 578, Houston v. Davidson, supra. Cf. Harrell v. Storey, 175 Ga. 569, 165 S.E. 554.
Clearly the Florida legislature did everything possible to express such an intention when it enacted Section 731.25, supra. This provision is separate and independent from the statute designating the various classes of heirs in intestacy, Sec. 731.23, supra, and can hardly be construed otherwise than, as its literal language indicates, a section specifically governing the manner of distribution as opposed to the order of succession and making a blanket provision that the mode of distribution shall always be per stirpes or by representation.
The legislative history of the act further sustains this point of view, since it was enacted in the face of a decision of the Supreme Court construing the former statute. Broward v. Broward, 96 Fla. 131, 117 So. 691. The statute construed in the latter case, which has been eliminated in the course of succeeding amendments, provided as to certain heirs that distribution should be per capita where they were “in the same degree,” and per stirpes if unequal. Sec. 5487, C.G.L. 1927. The Court said, in effect, that while the latter section did not make specific provision for apportionment when the only heirs are descendants of brothers and sisters, its purpose was “to indicate a principle to govern apportion-ments of inheritances in all cases where those who inherit together are in different classes or degrees of relationship to the intestate, and also where the inheritors are in the same class or degree of relationship to the intestate.” Broward v. Broward, supra, 117 So. at page 692. The principle so indicated, said the Court, was that contended for by appellants, that per stirpes distribution should be made only when heirs were of unequal degrees of consanguinity.
But whether or not that principle was properly read into the then existing statutory provisions, that decision cannot bol - ster appellants’ contentions as to the meaning and effect of 731.25, supra. On the contrary, we hold that the latter enactment eliminates any historical ambiguities in the manner of distribution among those entitled to succeed to property in intestacy under related sections, and provides a uniform rule in place of any niceties on the point under ancient canons of descent. That, we think, is what the legislature intended and is therefore the law.
This was the conclusion of the courts below in the instant case. Their orders should be and are hereby
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.