IN THE MATTER OF THE ESTATE OF INGOLF KIMBELL BRONSON. ESTER P. BORLAUG, ADMINISTRATRIX, BERNICE V. TONJUM, ESTER P. BORLAUG, CLARA S. STOELTING, AGNES L. BASTA, RUTH E. NOBLE, EDWIN OVERN, GEORGE OVERN, AMY LARSON, AND OLIVE SKONSENG, PLAINTIFFS AND APPELLANTS, v. EVELYN M. LINK, DEFENDANT AND RESPONDENT.

No. 10514

Submitted January 15, 1963. Decided April 8, 1963.

382 P.2d 818.

Hauge, Hauge & Ober, Waldo N. Spangelo, Havre, Lester N. Hauge (argued), Havre, for appellants.

Jess L. Angstman (argued), Havre, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order sustaining objections to a proposed decree of distribution and ordering distribution of an estate by representation rather than per capita.

Ingolf Kimbell Bronson died intestate at Havre on August 22, 1961, leaving an estate of real and personal property. He left no surviving issue, husband, wife, father, mother, brother, nor sister, the heirs being ten nieces and nephews. The ten nieces and nephews are the issue of four predeceased brothers and sisters of the decedent. Four are descendants of a predeceased sister, three are of another predeceased sister, two are of a predeceased brother and the respondent is the sole descendant of another predeceased brother.

The administratrix of the estate is one of the nieces above mentioned, she being entitled to one-tenth on a per capita basis or one-eighth on a per stirpes basis. It was her petition for distribution on a per capita basis which was objected to and resulted in the order directing distribution by representation. If the heirs take on a per capita basis, each receives one-tenth of the estate. If on the other hand, the heirs take by right of representation, their shares range from one-fourth to one-sixteenth. The respondent would, under this latter right of representation, take one-fourth rather than one-tenth as in the petition denied.

Our question is whether, under these circumstances under Montana law, the nieces and nephews take on a per capita basis or by right of representation. The question has not been previously decided by this court.

R.C.M.1947, § 91-403, provides:

"When any person having title to any estate not limited by marriage contract dies without disposing of the estate by will, it is succeeded to and must be distributed, unless otherwise expressly provided by the laws of Montana, subject to the payment of his debts, in the following manner:

"1. If the decedent leaves a surviving husband or wife, and only one (1) child, or the lawful issue of one (1) child, in equal shares to the surviving husband, or wife and child, or issue of such child. If the decedent

leaves a surviving husband or wife, and more than one (1) child living, or one (1) child living, and the lawful issue of one (1) or more deceased children, one-third (1/3) to the surviving husband or wife, and the remainder in equal shares to his children, and to the lawful issue of and deceased child, by right of representation; but if there be no child of the decedent living at his death, the remainder goes to all his lineal descendants; and if all the descendants are in the same degree of kindred to the decedent, they share equally, otherwise they take according to the right of representation. If the decedent leaves no surviving husband or wife, but leaves issue, the whole estate goes to such issue; and if such issue consists of more than one (1) child living, or one child living, and the lawful issue of one (1) or more deceased children, then the estate goes in equal shares to the children living, or to the child living, and the issue of the deceased child or children by right of representation.

"2. If the decedent leave no issue, the whole of the estate shall go to the surviving husband or wife. If the decedent leaves no issue, nor husband nor wife, the estate must go to the father and mother in equal shares, or if either be dead then to the other.

"3. If there be neither issue, husband, wife, father, nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation.

"4. If the decedent leaves neither issue, husband, wife father, mother, brother, nor sister, the estate goes to the next of kin, in equal degree, excepting that where there are two (2) or more collateral kindred, in equal degree, but claiming through different ancestors, those who claimed through the nearest ancestors must be preferred to those claiming through an ancestor more remote.

"5. If the decedent leaves several children, or one

(1) child, and the issue of one (1) or more children, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent descends in equal shares to the other children of the same parent, and to the issue of any such other children who are dead, by right of representation.

"6. If, at the death of such child, who dies under age, not having been married, all the other children of his parents are also dead, and any of them have left issue, the estate that came to such child by inheritance from his parent descends to the issue of all other children of the same parent; and if all the issue are in the same degree of kindred to the child, they share the estate equally, otherwise they take according to the right of representation.

"7. If the decedent leaves no husband, wife, or kindred, the estate escheats to the state."

It is respondent's argument, and the district court ruled, that subdivision 3 prevails here, that is, that the nieces and nephews take by representation.

It is appellants' argument that, since there are no surviving brothers and sisters, we look to subdivision 4 where the result is succession per capita as next of kin in equal degree.

As above-quoted, section 91-403 specifically provides for distribution by right of representation in six instances. Significantly in subdivision 4, no such provision is made.

Then, too, subdivision 1 of section 91-403 provides that where a husband or wife survives a decedent, and there are no surviving children, "the remainder goes to all his lineal descendants; and if all the descendants are in the same degree of kindred to the decedent, they share equally." Thus, if the problem involved grandchildren only, under subdivision 1, the statute requires a per capita distribution. Why would next of kin be any different?

552

Against this, respondent argues that the language of subdivision 3 does *not say* that a brother or sister *must survive* in order to qualify the children of a deceased brother or sister to inherit by right of representation. Then he urges that we should take subdivision 4 to mean that, "If the decedent leaves neither issue, husband, wife, father, mother, brother, nor sister, nor children of any deceased brother or sister by right of representation, the estate goes to the next of kin in equal degree." (If we could so interpret, our problem would be simple!) From this, respondent urges in his brief as follows:

"Where do we find any logic or reason in a holding that if a brother or sister survives the decedent, that distribution should be by right of representation, whereas if that brother or sister died one day earlier than deceased, distribution should be per capita? There is no reason or logic for such a rule and subdivision 3 clearly indicates a legislative intent that if all the brothers and sisters die before the decedent, then their children share by right of representation. The section states: 'then * * * to the children of any deceased brother or sister.' The word *any* is sufficiently comprehensive to include either a part or all of the brothers and sisters."

As against the above appeal, to logic and reasoning, appears this statement by the writer of an annotation in 19 A.L.R. 2d at 194:

"The per capita principle in the circumstances here in question evidently finds the better support in reason and natural justice; for the nephews and nieces being of the class standing nearest in relationship to the intestate, and individually being equally close in that relationship, and not in point of fact standing as the representatives of anyone but themselves, and their parents never having themselves succeeded to any claim whatsoever to the property, no basis for an unequal division appears."

This latter statement represents more nearly logic and rea-

soning in interpreting the statute than the expressions in respondent's brief.

Statutes identical to our section 91-403, subdivisions (3) and (4) have been interpreted in surrounding states as requiring per capita distribution to nieces and nephews where there are no surviving issue, husband, wife, father, mother, brother or sister of decedent.

In Volume 13 Montana Law Review, Professor J. Howard Toelle wrote on "Succession Under the Model Probate Code, Some Comparisons with the Montana-California Law". At page 18, Professor Toelle gives the history of our statute and discusses it as follow:

"The present Montana succession statute was passed in 1877 and followed California law on the subject. California in turn had taken its rules of succession from Mexican law following the cession of California to the United States in 1848. * * *

"Clause III—Clause 3 provides that in the absence of issue, spouse, father, or mother, the brothers and sisters of decedent take equally and the children of any deceased brother or sister take by right of representation. This provision was changed in California in 1905 to include grandchildren of deceased brothers and sisters; it was further changed in 1931 to include descendants of deceased brothers and sisters who were to take by right of representation. Under the former California wording (still Montana's), it was held that a second cousin of decedent is not an heir when there is surviving a brother who would take under this clause. It was also uniformly held that the term 'children' did not include grandchildren who could not take under this clause. If grandchildren of a deceased brother or sister alone survived decedent, the estate went to the next of kin under what is now Clause 4 of the Montana Statute.

"Clause IV—* * * In line with California construc-

tions, the right of nephews or nieces to share in the property under clause 3 is contingent on the accompanying of a brother or sister of decedent. In other words, the nephews' or nieces' right to inherit under clause 3 needs to be aided by the surviving presence of an uncle or aunt, brother or sister, of the intestate.

"It was, however, sufficient that the surviving brother or sister be of the half-blood of decedent though the parent of the niece or nephew was of the whole blood. If there are no surviving brothers or sisters of decedent, then this clause 4 is operative; namely, that the estate goes to the next of kin in equal degree with the exception indicated for the collaterals claiming through different ancestors; those claiming through the nearest ancestors are then preferred. It was said of this provision in California as it read formerly that:

" 'In every other clause of the civil code, the legislature specified inheritance by right of representation when inheritance in this manner was intended; the failure to mention it here leads to the conclusion that the legislature intended that descent should here go to all next of kin in equal degree per capita.' "

A 1916 California case, In re Nigro's Estate, 172 Cal. 474, 156 P. 1019, 1021, deals with a situation where the decedent left surviving at her death neither issue, husband, father, mother, brother, nor sister, but was survived by ten nieces and nephews and eight children of dead nieces and nephews. Eight of the nieces and nephews were children of a deceased sister, and the other niece and nephew were children of a deceased brother and sister. The Court held that the rights of the parties were governed by what is our subdivision 4; that the grandchildren of the deceased brothers and sisters were not in equal degree with the surviving children of the brothers and sisters; and under the statute took no part of her estate. In the California case, the contention was made

that the statute of descent required distribution by right of representation and not per capita. There the Court said:

"It will be observed that subdivision 5 is silent on the question whether the descent there provided is to be per capita, or by right of representation. We are of the opinion that, when the language of the entire section is considered, the conclusion is inevitable that the Legislature intended that the descent in such cases should be per capita, and not by right of representation. In the other subdivisions of the section, in cases where the Legislature deemed it proper, it carefully provided that descent should be according to representation and not per capita." To the same effect is Estate of Way, 29 Cal. App. 2d 669, 85 P.2d 563.

A 1949 Idaho case, In re Reil's Estate, 70 Idaho 64, 211 P.2d 407, 409, 19 A.L.R.2d 186, is directly in point. The decedent died leaving neither issue, wife, father, mother, brother nor sister. He left surviving fourteen nieces and nephews, children of two brothers and two sisters. Ten of these nieces and nephews were children of a brother and a sister who lived in Germany, three were descendants of one sister who had died in the United States, and one was a descendant of the other brother who died a resident of the United States. Idaho has the same statute as Montana. There the court said:

"Other jurisdictions having statutory provisions the same as, or similar to, our own have quite universally held that nieces and nephews take per capita and not per stirpes. [Citing cases.] * * *

"Moreover, the facts of this case fit exactly the provisions of subsection 5, sec. 14-103 I.C. We, therefore, hold that Fred Reil having died intestate leaving neither issue, wife, father, mother, brother nor sister, his estate descends to his nieces and nephews, living at his death, per capita, as his next of kin in equal degree." See also In re

556

LeRoux's Estate, 55 Wash.2d 889, 350 P.2d 1001; Bones v. Lollis, 192 Or. 376, 234 P.2d 788.

All of the foregoing cases are under statutes similar or identical to ours. However, later California cases are cited as stating a different rule. The California statute was amended in 1931 and, so far as pertinent here, that amendment provided for descendants of deceased brothers and sisters. Following the amendments, the California court in 1936, in Van Tiger v. Superior Court, 7 Cal.2d 377, 60 P.2d 851, held that nieces and nephews took by right of representation irrespective of whether a brother or sister survived. This result was reached apparently in order to give effect to the amendments.

A 1949 Utah decision, In re Yonk's Estate, 115 Utah 292, 204 P.2d 452, 457, is under an amended statute. The Utah court discussed the amendments and said:

"All of the revisions made indicate the legislature intended to ratify a change in the law which would permit children and grandchildren of a deceased brother or sister to stand in the place of their predeceased parents and to take on a representative basis *regardless of whether or not any brother or sister of the deceased was still living.*" Emphasis supplied.

We have the situation where our statutes have not been amended. The respondent's counsel asserts in his brief that courts are reluctant to follow the rule laid down in In re Nigro's Estate, supra, and seize upon the slightest amendment as an excuse to reach a different result. It is noteworthy that none of the cases we have found reach a different result except *after amendment.*

The Idaho case, In re Reil's Estate, supra, referred to 13 Cincinnati Law Review 298, 352, for a summary as follows:

"In the absence of phraseology to the contrary, both in statutes of descent and distribution and in wills, the distribution is *per capita* when the takers are in equal degree of consanguinity to the decedent. The distribution

is *per stirpes* when the takers are not equally related to the decedent.''

We hold then that under section 91-403, when brothers and sisters do not survive the decedent, subdivision 4 applies, and distribution is on a per capita basis. The order appealed from is reversed with directions to enter an order of distribution on a per capita basis.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN CONWAY HARRISON, DOYLE and ADAIR concur.