No. 12091

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

In The Matter of The Estate Of:

GERTRUDE BROWN, Deceased.

HAZEL WAGY, MARILYN GRIFFITHS, ROGER BOULTER,
DORSEY ENGMAN, DAVID C. BOULTER, and ROBERT W.
BOULTER, grandnieces and grandnephews of
GERTRUDE BROWN, Deceased,
                    Plaintiffs and Appellants,

        -vs-

GEORGE W. McKEAN, Administrator of the Estate
of GERTRUDE BROWN, deceased, DARE B. BOULTER,
GEORGE W. BOULTER, and GRETTA G. HALLECK, nephews
and nieces of said deceased, GERTRUDE BROWN, deceased,
                    Defendants and Respondents.

---

Appeal from:  District Court of the Eighteenth Judicial District,
              Honorable Victor H. Fall, Judge presiding.

Counsel of Record:

        For Appellants:

                George P. Sarsfield argued, Butte, Montana.
                Holland, Holland and Haxby, Butte, Montana.
                D. L. Holland appeared, Butte, Montana.

        For Respondents:

                Bolinger and Wellcome, Bozeman, Montana.
                G. Page Wellcome argued, Bozeman, Montana.

---

                            Submitted:  November 30, 1971

                            Decided:  JAN 1 1 1972

Filed: JAN 1 1 1972

Thomas J. Kearney
                                    Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from an order and decree determining heirship entered in the estate of Gertrude Brown, deceased, by the district court of Gallatin County.

Gertrude Brown died intestate in Bozeman, Montana on January 10, 1970, leaving an estate consisting of real and personal property, and at the time of her death she left no surviving husband, children, mother, father, brothers or sisters.

The deceased, however, had one sister who predeceased her. This sister had five children, three surviving and two predeceasing Gertrude Brown.

The claimants to the estate consist of the surviving niece and nephews of the decedent, and the surviving children of two deceased nephews of Gertrude Brown.

David C. Boulter, as an individual and as a member of a class, the children of deceased nephews and nieces, filed a petition for determination of heirship alleging, among other things, that he and his class were heirs of the decedent, and as such were entitled to their statutory share in the distribution of the estate.

The appellant filed an affidavit of disqualification. This affidavit was accepted by the district judge who had been earlier called in to preside, and another district judge was then called in.

An affidavit of disqualification, alleging the statutory grounds, was timely filed against the new judge by the appellant. The public administrator of Gallatin County, George W. McKean, in

his capacity as appointed administrator and on behalf of the niece and nephews of the decedent, moved the court to strike and quash the affidavit and also moved for judgment on the pleadings.

Thereafter the matter was heard by the district court and subsequent to the argument by the parties the court granted the public administrator's motion to strike and quash the affidavit of disqualification, and further granted the administrator's motion for judgment on the pleadings ordering and decreeing that the sole heirs-at-law of Gertrude Brown, deceased, to be the niece and nephews of the deceased who would take to the exclusion of appellant and his class, the grandnieces and grandnephews of the decedent.

This appeal alleges error in failure of the district court judge to accept the affidavit of disqualification executed by David C. Boulter, a grandnephew of the decedent, and as such a member of a class who claimed, and still claims, to be an heir-at-law, and errors in the district court's order and decree naming the sole heirs-at-law of the estate of Gertrude Brown to be Gretta G. Halleck, Dare B. Boulter and George Boulter, the surviving niece and nephews of the deceased.

Appellant's first assignment of error has merit. Section 93-901, R.C.M. 1947 provides as follows:

"Any justice, judge, or justice of the peace must not sit or act as such in any action or proceeding:

* * *

"4. When either party makes and files an affidavit as hereinafter provided, that he has reason

- 3 -

to believe, and does believe, he cannot have a fair and impartial hearing or trial before a district judge by reason of the bias or prejudice of such judge. Such affidavit may be made by any party to an action, motion, or proceeding, personally, or by his attorney or agent, and shall be filed with the clerk of the district court in which the same may be pending. * * *"

The appellant, who had previously filed a petition for determination of heirship and subsequently a timely affidavit of disqualification, had met all the statutory requirements for effecting this disqualification and the district court erred in failing to honor the affidavit.

The basis for granting respondents' motion to strike and quash was the district court's conclusion of law that under the provision of section 91-403, R.C.M. 1947, the niece and nephews of the decedent were her sole heirs at law; and therefore the contesting parties were not proper parties. This conclusion of the court was likewise erroneous.

An examination of section 91-403, R.C.M. 1947, the law of succession and distribution, reveals that the legislature has constructed a comprehensive, natural and orderly scheme. Section 91-403, R.C.M. 1947 states:

"Succession to and distribution of estates. When any person having title to any estate not limited by marriage contract dies without disposing of the estate by will, it is succeeded to and must be distributed, unless otherwise expressly provided by the laws of Montana, subject to the payment of his debts, in the following manner:

"1. If the decedent leaves a surviving husband or wife, and only one (1) child, or the lawful issue of one (1) child in equal shares to the surviving husband, or wife and child, or issue of such child. If the decedent leaves a surviving husband or wife, and more than one (1) child living, or one (1) child living and the

- 4 -

lawful issue of one (1) or more deceased children, one-third (1/3) to the surviving husband or wife, and the remainder in equal shares to his children, and to the lawful issue of any deceased child, by right of representation; but if there be no child of the decedent living at his death, the remainder goes to all his lineal descendants; and if all the descendants are in the same degree of kindred to the decedent, they share equally, otherwise they take according to the right of representation. If the decedent leaves no surviving husband or wife, but leaves issue, the whole estate goes to such issue; and if such issue consists of more than one (1) child living, or one (1) child living, and the lawful issue of one (1) or more deceased children, then the estate goes in equal shares to the children living, or to the child living, and the issue of the deceased child or children by right of representation.

"2. If the decedent leaves no issue, the whole of the estate shall go to the surviving husband or wife. If the decedent leaves no issue, nor husband nor wife, the estate must go to the father and mother in equal shares, or if either be dead then to the other.

"3. If there be neither issue, husband, wife, father, nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation.

"4. If the decedent leaves neither issue, husband, wife, father, mother, brother, nor sister, the estate goes to the next of kin, in equal degree, excepting that where there are two (2) or more collateral kindred, in equal degree, but claiming through different ancestors, those who claimed through the nearest ancestors must be preferred to those claiming through an ancestor more remote.

"5. If the decedent leaves several children, or one (1) child, and the issue of one (1) or more children, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent descends in equal shares to the other children of the same parent, and to the issue of any such other children who are dead, by right of representation.

"6. If, at the death of such child, who dies under age, not having been married, all the other children of his parents are also dead, and any of them have left issue, the estate that came to such child by inheritance from his parent descends to the issue of all other children of the same parent; and if all the issue are in the same degree of kindred to the child, they share the estate equally, otherwise they take according to the right of representation.

"7. If the decedent leaves no husband, wife, or kindred, the estate escheats to the state."

It is the interpretation of the application and effect of section 3 which is at issue here.

The appellant argues that this Court's ruling in In re Bronson's Estate, 141 Mont. 548, 382 P.2d 818, wherein we held that when the intestate left neither issue, wife, father, mother, brother or sister surviving him but left nieces and nephews they inherited per capita rather than per stirpes under section 4 of 91-403, R.C.M. 1947, as next of kin rather than as representatives of their deceased parents under section 3. This ruling is not relevant in the instant case because in Bronson all claimants were of an equal degree, that is, nephews and nieces of the decedent, and the rights of grandnephews and grandnieces were not at issue.

The doctrine of representation is one of necessity and is only resorted to when the next of kin are in unequal degree to prevent the exclusion of those in a more remote degree. 19 ALR2d 194. In Bronson our holding recognized that no necessity existed for the application of the doctrine.

It is conceded by the appellant that if he and members of his class are to take at all it will be under section 91-403(3), R.C.M. 1947.

- 6 -

Where the right of representation is applicable it raises the corollary issue of the level of distribution to those who take by representation. We focus on this corollary issue as we deem it essential to an understanding of the descent and distribution provided for under section 3 of 91-403, R.C.M. 1947.

The statute which defines the right of representation is section 91-417, R.C.M. 1947, and reads:

> "Inheritance or succession 'by right of representation' takes place when the descendants of any deceased heir take the same share or right in the estate of another person that their parents would have taken if living. Posthumous children are considered as living at the death of their parents."

Thus we see the statute provides for representation by any descendant of a designated heir without designating the level of distribution contemplated.

> "When all the heirs or distributees of an estate are his children or his parents--persons who are in the first degree of kinship to him--such persons clearly inherit in their own right, and not as representing other persons who would have taken had they survived the intestate. These heirs take per capita. Similarly, brothers and sisters, all being descendants of the same parent or parents, do not raise a question of per stirpes distribution; they take per capita. When other heirs of an intestate, such as grandchildren, great grandchildren, nephews and nieces or cousins, take per capita or per stirpes is a question so complex as to be not easily susceptible of generalization. * * *"  23 Am Jur 2d, Descent and Distribution § 64.

This problem was met head-on in Maud v. Catherwood, 67 C.A.2d 636, 155 P.2d 111, where all seven of a decedent's children were predeceased at the time as of which the heirs were to be determined and four left surviving descendants. It was held that one great grandchild, the sole descendant of one

child received one-quarter of the estate; one grandchild, the sole descendant of another, received one-quarter; two grand-children, only descendants of a third child, received one-eighth each; and one grandchild and one great grandchild, the only descendants of a fourth child, received one-eighth each, the children of the decedent having been determined as the level of distribution by representation.

The court in reaching its holding pointed out that "Death and birth in varying numbers may change the amount of the share to which a relative may succeed to an estate. In view of the possibility of a seeming unfairness, under any rule there should be less claim of injustice if there is followed the requirement that the right of inheritance of a representative descendant should be fixed by reference to the first generation common to each as the criterion to determine the degree of relationship of the subsequent relatives in the descending line." Maud v. Catherwood, supra.

Here we note the applicable statute does just that. It classifies the common ancestor as the brother or sister of the descendant and the level of distribution by representation to be the children of such deceased brother and sister. Thus in this case the descendants of the deceased heir, the sister of Gertrude Brown, take the share their parent would have taken if living. This would be a per capita share to the children of the deceased sister and per stirpes to the children of predeceased children of the sister.

The presiding district judge in this matter having retired, the cause is reversed and remanded to the court of the eighteenth judicial district for entry of an order and decree consistent with this holding.

Chief Justice

We concur:

Associate Justices

- 9 -